Opinion delivered May 1, 1888.

---

## No. 5651.

### REESE A. HAYS BY NEXT FRIEND L. R. HAYS *v.* GAINESVILLE STREET RAILWAY COMPANY.

1. CITY ORDINANCE—NEGLIGENCE.—When the ordinance of a city under which a street car railway company is incorporated makes it the duty of the driver of a street railway car to keep a vigilant look out for all persons approaching the railway track, and to stop the car on the first appearance of danger, a failure to perform this duty, followed by injury to one near the track, is of itself an act of negligence.

2. PLEADING—NEGLIGENCE.—The term gross negligence includes every lesser degree of negligence, and when it is charged in a petition to recover damages for injuries alleged to have been caused thereby, evidence of any character of negligence is admissible.

3. NEGLIGENCE.—When one is injured by the negligence of another, the exercise of ordinary caution by the injured party to avoid the danger is all that the law requires in order that he may be protected against the consequences of having contributory negligence imputed to him.

**4.** CONTRIBUTORY NEGLIGENCE.—Though the negligence of one who has been injured by another may have contributed to the injury, yet if the person inflicting it discovers the peril of the other in time by the reasonable exercise of the means at hand to prevent the injury, the failure to use such means must be regarded as the proximate cause of the injury, for which the person inflicting it is liable, although the injured party was guilty of contributory negligence.

**5.** CHARGE OF COURT.—See opinion for a charge of court held improper because argumentative.

**6.** EVIDENCE.—When an article to which testimony relates can be brought into court and exhibited to the jury it is proper that it should be done.

APPEAL from Cooke. Tried below before the Hon. F. E. Piner.

*E. A. Blanton* and *Hill & Hill*, for appellant: To entitle the plaintiff to recover it was not necessary that the injury should have been willfully and intentionally inflicted, the true rule of law being that if the injury occurred by reason of the fact that after the danger became known to defendant's agent, or could have become known by the use of watchfulness on the part of the driver, the driver failed to use ordinary care to avoid the injury and said injury was occasioned by the failure of the driver to use such ordinary care, and if by the use of ordinary care on the part of the driver the injury could have been avoided, then the defendant's negligence was the proximate cause of the injury, and the plaintiff was entitled to recover. (Railroad v. Symkins, 54 Texas, 615; Railroad v. O'Donnell, 58 Texas, 36; Railroad v. Gorbett, 49 Texas, 573; Railway v. Weiser, decided at Galveston term, 1886, opinion by Justice Robertson; Eaines v. Railroad, 63 Texas, 660; Railroad v. Lowry, 61 Texas, 149.

It was the duty of the driver of the car to keep a lookout for all persons or vehicles on or near the track, or moving toward it, and in event of danger to stop his car, and if anyone is injured by reason of a neglect to do so, the defendant is liable.

*Potter & Hughes*, for appellee: It is the duty of the court to present to the jury the questions of law arising from the pleadings and proof in the case, and where that is done the party making a double allegation can not be heard to complain that the charge presented both to the jury. (Railway v. Boozer, 3 Texas Law Review, 292; Railway v. Richards, 1 Texas Law Review, 375; Railroad v. Smith, 52 Texas, 179; Railroad v.

Shuckman, 50 Ind., 65; 33 Ind., 335; Moore v. Railroad, 24 N. J. Law, 264; 25 N. J. Law, 557; 47 Am. Rep., 706; 51 N. Y., 497; 32 Am. Rep., 472; 44 Ind., 106; 1 Thomp. on Neg., secs. 7 and 8, p. 424; 60 Texas, 206; 59 Texas, 64–67.)

If the charge of the court was not as full as appellant wanted it, he should have excepted to the same at the time, and requested additional instruction, and the appearance in the record of requested instructions without an assignment of error presenting them, will not avail.

The attempted proposition under the nineteenth assignment of error relating to the refusal to give instructions asked for by appellant, can not be considered. The assignment is too general, being as follows: "Nineteenth. The court erred in refusing to give the charges asked by the plaintiff." (See Darnell v. Molebrant, decided at the last Galveston term 1886; I. & G. N. R. R. Company v. R. A. Leak, vol. 6, No. 5, p. 65, Texas Law Review; Clements v. Hearne, 45 Texas, 415.)

MALTBIE, JUDGE. Reese A. Hays, the appellant, a boy eleven years old, was seriously injured by reason of the wheels of one of the cars of the Gainesville Street Railway running over his foot, under the following circumstances: Appellant. in company with a number of other boys, was returning from school along North Dixon street in the city of Gainesville, over which appellee had constructed its street railway, and was engaged in operating its cars. Hays was in the street on the west side of appellee's track, going in the direction of his home, which was southeast of the track. At the same time one of appellee's cars was approaching from the north, drawn by a mule, going in a slow trot. Hays and a boy named Purdy were playing, the former running along, and within a few feet of the street car track, closely pursued by Purdy, who was about to overtake him, when Hays turned suddenly to the left, colliding with the mule drawing the car, striking the mule about the shoulders, causing him to shy, which caused Hays to fall. The mule moved on, drawing the car wheels over Hays's foot and ankle, fracturing the bones, and causing much pain and suffering. It was shown that from the shoulders of the mule to the front wheel of the car is a distance of eleven or twelve feet; and there was evidence tending to show that by applying the brakes attached to this car it could have been stopped within a space of six feet. There was also evidence

tending to show that the driver was careless and incompetent, and that he struck the mule a sharp blow with his whip just as appellant fell to the ground, though all these facts were disputed. The ordinances of the city of Gainesville, under authority of which appellee's road was constructed, require that all drivers of street cars shall keep a vigilant watch for all vehicles and persons on foot, especially children, either on the track or moving toward it, and on the first appearance of danger to such persons or vehicles, the car shall be stopped in the shortest time and space possible; and that each driver shall have a whistle, and on the approach of danger to any person, animal or vehicle, shall give an alarm.

The collision occurred near the point where appellant was in the habit of crossing the track in going to and returning from his home. He did not see or hear the car, though he could have done so had he have listened or looked. The reason he did not see the mule in time to avoid the collision was that he was looking back at his pursuer. The trial resulted in a verdict and judgment for the appellee. Alleged errors in the charge of the court, and in the admission and rejection of evidence are relied on for a reversal of the judgment. The controlling question in this, as in almost all other cases of personal injury, is as to which party is guilty of negligence contributing proximately to the injury.

Negligence is a relative term, and its application depends on the situation of the parties and the degree of care and vigilance which the circumstances reasonably impose. The degree is not the same in all cases, but may vary according to the danger involved in the want of vigilance. (Cooley on Torts, 630.) To illustrate, it would involve little or no want of care to cross a road or street on foot used exclusively for ordinary travel without looking either way for persons on horseback or in vehicles, because usually there is but little danger in so doing, while it would be gross negligence to cross a railroad track over which many trains of cars are accustomed to pass every hour in the day without using the utmost vigilance and circumspection. In determining whether it is an act of negligence to go upon a street car track, the frequency of the passage of cars, their usual rate of speed, whether more people are accustomed to pass at that particular place, whether there is a duty imposed by law on the drivers to keep a look out, and give warning of approaching danger, and the like circumstances may be taken

into consideration, In the present instance, the ordinance under which appellee was incorporated made it the duty of the car driver to keep a vigilant look out for all persons approaching the track, and to stop the car on the first appearance of danger, and a failure to perform this duty of itself would be an act of negligence. But the district court, for the purposes of the trial, considered the term negligence, as applied to appellee, as synonymous with an intention on its part to inflict an injury on appellant. In the second paragraph of the charge the jury are told that if plaintiff was injured through the carelessness of the driver of defendant, or by the willful or intentional act of such driver, as charged in plaintiff's petition, to find in his favor. The allegations on the subject briefly stated, are to the effect that the injury complained of was inflicted through the negligence of defendant do not authorize the charge. And again, after giving a detailed statement of the acts leading to the injury, the petition charges that it was inflicted through the gross negligence of the defendant.

The term gross negligence includes all lesser degrees of negligence, and a charge in a petition that an act was done through gross negligence, would not limit the right of recovery if otherwise entitled; to an injury inflicted by the willful or intentional act of another. Negligence is of a negative character, and implies a want of care. In order for an act to be negligent it is never necessary that it should be done through design, though it is said that an act may be so grossly negligent that it may be presumed to have been willfully or intentionally done.

The sixth paragraph of the charge is as follows:

Although you may believe from the evidence that the driver of said street car was guilty of negligence, which contributed to the injury in question, still if you further find from the evidence that the plaintiff was also guilty of negligence, which directly contributed to the injury, then the plaintiff can not recover in this suit, unless the jury further find from the evidence that the negligence of the driver of said street car was malicious and willful, or wantonly reckless, showing an utter disregard for plaintiff, and that the negligence of plaintiff was but slight, as will be hereinafter explained to you.

In the seventh paragraph of the charge the jury is again told that if plaintiff was guilty of contributory negligence that he can not recover, unless the injury was caused by the willful, wanton or malicious act of the driver.

In the eighth paragraph the court charges: "By the term slight negligence, as used in the sixth section of this charge, is meant the absence of that degree of care and vigilance which persons of extraordinary vigilance and foresight are accustomed to use under similar circumstances." The effect of these instructions was to preclude plaintiff from a recovery unless he exercised extraordinary prudence and foresight to avoid the injury. If the injury was the result of the negligence of appellee, there is no rule of law that requires that appellant should have used more than ordinary caution to shield himself from the consequences of contributory negligence.

We are also of the opinion that the proposition announced in paragraph six, and repeated in paragraph seven, of the charge to the effect that if plaintiff was guilty of contributory negligence he can not recover unless the car driver willfully or intentionally inflicted the injury upon him should not have been given except upon the theory that the driver failed to discover plaintiff's peril in time to avoid injuring him by the use of such means as a prudent and careful man would have employed under the same circumstances; for, if the driver could have thus avoided the injury after discovering plaintiff's peril, his want of ordinary care was the proximate cause of it, and defendant would be liable for damages. The reason why a person who, if guilty of contributory negligence contributing to his own injury, can not recover is because the policy of the law will not ordinarily permit one to recover who is himself at fault; but although the negligence of such person may contribute to his own injury, yet if the person inflicting it discovers the peril of the other in time by the reasonable exercise of the means at hand, to have prevented the injury, the law considers the failure to use such means as the immediate cause, and will permit a recovery, notwithstanding the injured party was guilty of contributory negligence.

On account of the prominence given in the charge to the doctrine that appellants could not recover, if guilty of contributory negligence, unless the injury was inflicted willfully, wantonly or maliciously, we do not think it likely that the jury understood poragraph ten to be a qualification of the doctrine before announced and emphasized, though doubtless so intended by the court.

We think that when it becomes necessary, in a charge to a jury, that a doctrine given should be limited or qualified, that the

qualification should follow the main proposition as nearly as convenient, in order to prevent any confusion in the mind of the jury. If taken into consideration the age of appellant and all of the other facts and circumstances of the case, he was guilty of contributory negligence in going onto appellant's track, and of this we express no opinion, we do not think appellee would be liable if the driver did not, in fact, discover appellant in time to have prevented him from being run over, Such failure was no more than ordinary negligence.

In paragraph thirteen, the court, after charging that if by failure of the street car company to employ skillful and prudent drivers, any one is injured, that the company is liable, further charges that the fact that a driver might have been at other times careless or imprudent, would not render the company liable in this action, unless on the occasion of the injury sued for, such driver was careless, reckless or imprudent. While the proposition embodied in this charge may be sound logic, still it is argumentative, and improper to be given in charge to a jury by a court.

The evidence was conflicting as to whether the driver was negligent on this occasion, and his negligence on a former occasion, if such was proven, was a circumstance to be considered by the jury, with the other evidence in the case, in determining his negligence. Parties are, under the laws of this State, entitled to have juries consider all evidence submitted to them without any suggestion or comment whatever from the court. The statute contemplates that such legal propositions, and such only as are applicable to the facts of the case, should be submitted by the court to the jury in language and terms suited to their capacity, and the jury should be left to determine the facts, unbiased by any intimation of the court as to the weight of the evidence.

A number of rulings in reference to the admission and rejection of testimony are assigned as erroneous, but it is not deemed necessary to notice any, except two. The court, over an objection that the evidence was immaterial and did not confine the investigation to the occasion of the injury, permitted defendant to prove that other boys than the plaintiff had been in the habit of jumping on the cars and rocking and scaring the mules The objection should have been sustained. The testimony was clearly inadmissible, and was calculated to distract the attention of the jury from the true issues of the case. During the

progress of the trial plaintiff offered in evidence the boot worn by him at the time he was injured, for the purpose, as stated by counsel to the court, of exhibiting the indentations made thereon for the inspection of the jury, as tending to show that the car wheel ran over the plaintiff's foot, and that the brake was not applied; there being other evidence before the jury tending to show that when the brakes are applied a car wheel will not revolve on its axle, but will slide along on the ground. The boot and indentations were excluded on an objection for immateriality. In this there was error. Physical facts are always admissible, and when the object itself can be brought into court and exhibited, it is more satisfactory than a description of it by witnesses that have inspected it outside of court.

For the errors indicated we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*