INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY V. THOMAS
B. TABOR, BY NEXT FRIEND.

No. 1482.

**1. Contributory Negligence—Subsequent Negligence of Plaintiff.**

A boy thirteen and a half years old passing through a railway switching yard
on his way from a cotton compress where he was employed and by a path com-
monly followed by such employes, finding the route obstructed by a freight
train, climbed over the bumpers, and while so doing, at a signal from a brake-
man standing near the train was backed, catching and crushing his foot. Held:

1. Though plaintiff was guilty of contributory negligence, yet if defendant's
servants discovered his danger in time to have avoided the injury by ordinary
care defendant would be liable for their negligence in backing the train.

2. See opinion for evidence held to support a finding for plaintiff based
on the theory that the brakeman knew of plaintiff's dangerous position before
giving the signal to back the train, though he testified that he did not.

3. Testimony of custom to cross the track at that point, since it bore only on the
question of plaintiff's contributory negligence, was, if erroneously admitted, not
ground for reversal where the court in his charge had instructed the jury that
plaintiff was negligent and that defendant could only be held liable for negligence
committed after knowledge of his danger.

4. There was no error in refusing to direct a verdict for defendant, nor in re-
fusing to grant a new trial for insufficiency of the evidence.

**2. Charge—Undue Prominence.**

Action of court in copying into his charge in stating the issues a portion of
plaintiff's petition held not erroneous as giving undue prominence to plaintiff's
claim, since the jury were entitled to take the pleadings with them on retiring.

APPEAL from District Court of Williamson. Tried below before Hon.
R. E. BROOKS.

Martin Hallan, the switchman who gave signals for the train to move,
testified that he never authorized or consented to any person to make
a way across defendant's yard or to cross between its cars—that he did
not see the plaintiff come up to or go between the cars—that he did
not know that plaintiff was near the cars—did not see him at all—and
the first he knew of his presence was after dark when Bartholomew told
him that the boy was hurt. "I did not stand there and see that boy
go between the trains and then signal the engineer to move the train.
In October we lit our lamps as early as 6:15. I am pretty sure I had my
lamp lit when the boy was hurt." The train had about 24 or 25 cars
in it—a car length is 34 to 36 feet. There were about 15 to 17 cars
from the point where plaintiff was injured to the engine where the
engineer was located. Persons might jump in between the cars and
not be seen by the employes, they being busy.

*Hogg & Robertson*, for appellant.—1. The court erred in permitting
the plaintiff to prove over defendant's objections that the employes of
the compress company were accustomed to walk up a path from the
compress to defendant's track and across through defendant's yard and
over its tracks at or near the point where plaintiff was injured, when
defendant's cars were not occupying its track at said point, because the

plaintiff alleged in his petition, and all the evidence in the case showed, that the injury complained of resulted to plaintiff while he was attempting to climb over the bumpers and between defendant's cars while they were being switched in its yard and occupying said track. Therefore, this evidence was irrelevant, immaterial and calculated to injure the defendant before the jury. Railway v. Levy, 59 Texas, 542; Tucker v. Hamlin, 60 Texas, 171; Railway v. Rylee, 13 Law. Rep., Ann., 634.

2.     The court erred in permitting the plaintiff to prove over the objections of the defendant that the compress hands at the time of the trial still used the said path through defendant's yard and over its track near where plaintiff was injured as a way when going up town, because the injury to the plaintiff was alleged and shown to have occurred in October, 1893, and such custom since the date of the injury would be immaterial and irrelevant and was calculated to impress the jury with the belief that defendant had consented or permitted this way to be established over its track and to devolve upon defendant the duty of exercising care for the protection of plaintiff when it owed him no such duty. Railway v. Rowland, 82 Texas, 171; Railway v. Hennessy, 75 Texas, 156.

3.     The court erred in copying in its charge to the jury the plaintiff's petition, because the same gave undue prominence to the allegations of negligence, and wrongs therein charged against the defendant, and was calculated to prejudice the defendant's rights before the jury, and the same is not good practice. Railway v. Scott, 64 Texas, 549; Hays v. Railway, 70 Texas, 607; Railway v. Robinson, 73 Texas, 283; Powell v. Messer, 18 Texas, 406; Taylor v. Townsend, 61 Texas, 144; Fox v. Hitson, 20 Texas, 521; Perez v. Everett, 73 Texas, 431; Railway v. Levy, 59 Texas, 542; Tucker v. Hamlin, 60 Texas, 171.

4.     The court erred in refusing to instruct the jury to return a verdict for the defendant as requested by defendant in special charges Nos. 1 and 4 (refused by the court), because the uncontroverted evidence showed that plaintiff was a trespasser upon defendant's property at the time of his injury, and that he was guilty of such contributory negligence as to prevent a recovery. And there being no proof that the injury was wilfully inflicted upon him after the employes of defendant knew of his position of danger, the court should have directed the jury to return a verdict for the defendant. Railway v. Overall, 82 Texas, 248; Railway v. Boozer, 2 Unrep. Cases, 452; Railway v. Ryon, 70 Texas, 56; Railway v. Ryon, 80 Texas, 60; Bradley v. Railway, 80 Texas, 84; Railway v. Smith, 52 Texas, 178; Railway v. Sympkins, 54 Texas, 615; Railway v. Vaughn, 5 Texas Civ. App., 200; Railway v. Roberts, 2 Texas Civ. App., 114; Railway v. Crum, 6 Texas Civ. App., 702; Railway v. Graves, 59 Texas, 330; Railway v. Richards, 59 Texas, 373; Railway v. Bracken, 59 Texas, 71; Hoover v. Railway, 61 Texas, 503; Railway v. Buford, 2 Texas Civ. App., 115; Railway v. Hewitt, 67 Texas, 479; Hughes v. Railway, 67 Texas, 598; Andrews v. Railway, 10 Law. Rep., Ann., 58; Railway v. Pinchin, 112 Ind., 592; Rail-

way v. Dewey, 79 Am. Dec., 374; Lewis v. Railway, 17 Am. Rep., 521; Dahlstrom v. Railway, 96 Mo., 99; Johnson v. Railway, 125 Mass., 79;. McKinnon's Adm'r v. Railway, 8 Daly, 304; Sweeney v. Railway, 10 Allen, 372; Railway v. Brinson, 70 Ga., 209; Railway v. Tolbert, 85 Ga., 447; Railway v. Hethrington, 83 Ill., 510; Railway v. Godfrey, 71 Ill., 500; Gillis v. Railway, 59 Pa. St., 129; Vanderbeck v. Hendry, 34 N.. J. Law, 467; Gaynor v. Railway, 100 Mass., 214; Hanks v. Railway, 35 Am. and Eng. Ry. Cases, 321; Railway v. Rylee, 13 Law Rep. Ann., 634;. Wright v. Railway, 28 Am. & Eng. R. R. Cases, 652; Sutton v. Railway,. 66 N. Y., 243.

5.  The court erred in refusing to grant defendant a new trial because the verdict of the jury and the judgment rendered thereon are not suported by the evidence in this:  It appeared from the evidence that the plaintiff was a trespasser upon defendant's property—that he knew that it was dangerous to attempt to cross between the cars—that he attempted to cross without giving the employes operating the train notice of such intention, and each and all of the employes operating the train testified that they did not know of plaintiff's position of danger until after his injury.  Same authorities.

6.  The court erred in refusing to grant defendant's motion for a new trial and in overruling the same, because the verdict of the jury and the judgment of the court are not supported by the evidence in this:  Plaintiff's claim of right to recover is rested upon his assertion that the employe of defendant standing by side of cars 45 or 50 feet east of plaintiff might have seen plaintiff when he entered between the cars, and the evidence showed after getting between the cars in a position where said employe could not see him, that plaintiff stopped and did not with diligence pass through, therefore, even if the said employe had seen plaintiff enter between the cars he had the right to conclude that plaintiff had passed through and was out of danger.

See statement and authorities under No. 4.

7.  The court erred in refusing to grant defendant's motion for a new trial because the verdict and judgment are not supported by the evidence in this:  It appeared from the evidence with reasonable certainty, either that plaintiff entered between the cars after the signal was given to move same or he remained standing on the drawheads for a sufficient length of time for defendant's employes to have reasonably concluded that he had passed through and was out of danger.

See authorities under No. 4.

8.  The court erred in refusing to set aside the judgment and grant a new trial because plaintiff's injuries having resulted from his own negligence he could not recover unless it appear from positive evidence that his position of danger was known to defendant's employes in time by ordinary care to have prevented his injury, and the proof showing that the said employes had no such knowledge, the verdict and judgment are contrary to and not supported by the evidence.

See authorities under No. 4. See also, Railway v. Sloan, 32 S. W. Rep., 85.

*J. W. Parker,* for appellee.—1. The court below in its main charge instructed the jury that the uncontradicted evidence showed that plaintiff was guilty of negligence which contributed to his injury, and that to entitle plaintiff to recover they must believe from a preponderance of the evidence that defendant's employes operating the train by which plaintiff was injured, or some of them, saw and knew the plaintiff's position of danger in time, by the exercise of ordinary care, to have avoided said injury, and instructed them unless they so found to return a verdict for defendant.

2. The question whether defendant's switchman, Martin Hallan, who was engaged in operating the train by which plaintiff was injured, and whose act of signaling the train to "back up" was the direct and proximate cause of plaintiff's injury, saw and knew plaintiff's position of danger in time, by the exercise of ordinary care, to have avoided said injury, was a question of fact for the determination of the jury, and their verdict is amply supported by the evidence. Authorities, on the point that Hallan's swearing that he did not see plaintiff not conclusive: Brown v. Griffin, 71 Texas, 659; Railway v. Boozer, 70 Texas, 537; Palmer v. Railway, 31 Am. & Eng. R. R. Cases, 371. On point that if Hallan saw plaintiff's peril and had it in his power to avoid injuring him, defendant was liable: Thompson v. Railway, 32 S. W. Rep., 191 (3), opinion by Chief Justice Fisher.

3. Plaintiff not only alleged in his petition that defendant permitted the path to be established and used by the compress hands, but also that it was frequently the case that the same would be obstructed by the trains of defendant when said hands would be going to and returning from work, and that when this was the case it was the custom of the hands to pass between the cars, which was well known to and permitted by defendant, and that defendant, knowing and permitting such custom to exist, was placed under special obligation to use a high degree of care in operating its trains across the said path to avoid injuring said hands at the hours of the day when said hands ceased work. It can not be denied the allegations, if true, stated a cause of action, and if so, the evidence was admissible, because directly relevant.

4. The evidence was also admissible in rebuttal of the contention of defendant that plaintiff was a trespasser upon its premises.

5. Proof of the continuance of the custom of the compress hands to use the path after the accident was admissible as a circumstance tending to sustain plaintiff's contention that such use was made prior to the accident.

6. Conceding, however, the court erred in permitting the witness Murray to testify to the continued use of the path up to the time of trial, appellant can not complain of the error, for the reason that other

witnesses were permitted to testify to the same fact without objection from defendant.

7. It must be borne in mind that plaintiff was but a boy, and that the same degree of care is not required of a boy as of an adult. W. U. Tel. Co. v. Hoffman, 80 Texas, 424; Railway v. Hall, 83 Texas, 682, 683; Thompson v. Railway, supra, and cases cited.

COLLARD, Associate Justice.—The statement of the nature and result of the suit is correctly made in the appellant's brief and it is as follows: "This action was brought by Thomas B. Tabor (a minor without guardian) by J. L. Tabor as next friend, as plaintiff in the court below, to recover damages from the appellant, the International & Great Northern Railroad Company, for injuries inflicted upon plaintiff's foot and ankle, alleged to have resulted from the willful negligence of the defendant's employes.

Plaintiff alleged in his petition that he was an employe of the Cotton Compress Company at Taylor, Texas; and that the defendant had permitted the hands employed at said compress, by general use, to establish a pathway through its switchyard and over its track at Taylor; and that on the day of the injury plaintiff traveled said pathway until he came to defendant's track, where he intended to cross said track, but finding the same obstructed by a freight train which was being switched in defendant's said yard, plaintiff waited a reasonable time for said train or cars to be moved; but same not being moved and seeing other compress employes pass through said cars, he attempted to pass between the said cars by climbing over the drawheads or bumpers; that the defendant's employe, whose duty it was to give signals for moving the train, saw plaintiff go between the said cars and, knowing his position of danger, wilfully and negligently caused said train to be moved as plaintiff was passing between the cars, and plaintiff's foot was caught between the drawheads of the cars, crushing his foot and ankle, to his actual damage $10,000.

The defendant answered by general demurrer, general denial and specially denied that it has permitted a way to be established through its yard or over its track at the point where plaintiff was injured, and specially denied that any of its employes knew or had reason to believe that plaintiff was upon its premises or between its cars at the time of the injury; and it averred that at the time of plaintiff's injury its employes were exercising ordinary care in moving and handling its cars in its yard, and that plaintiff was a trespasser upon its property and, without the consent, knowledge or license of defendant or any of its employes, negligently and wrongfully attempted to pass between its cars; and that his injuries were due to his own negligence, for which defendant could not be held liable." There was a verdict for plaintiff for $2,000 and judgment accordingly, from which defendant has appealed.

*Findings of Fact.*—The Taylor Cotton Compress was located in

the city of Taylor about 150 yards south of the point on defendant's switch track where plaintiff was injured. During the season for compressing cotton the compress employed forty or fifty hands who lived in different portions of the city of Taylor, some of whom lived north of the railroad. Since August, 1893, there had been a path leading from the compress north through defendant's switchyard up to the dump or approach to the track which was five to ten feet south of the track at the point where plaintiff was injured. This path was made by the employes of the Compress Company in going to and returning from their work, morning, noon, and in the evening. The employes of the Compress Company who lived north of the switch track were accustomed to travel on this path through defendant's yard and across the track when not occupied by the cars. The defendant company had not given any express permission for such employes to establish the way over the track and it had posted about the yard notices prohibiting all persons from trespassing upon its yard and going between or upon its cars, which rules the employes of defendant made efforts to enforce. There was no public crossing at or near the place where this path crossed the track where plaintiff was hurt. The public crossing was from 200 to 400 feet west of this point, and it was near the middle of the switch. Plaintiff was thirteen and a half years old, was one of the employes of the compress, lived north of the yard and was accustomed to travel on the path going to and from his work. On October 18, 1893, at about 6 o'clock P. M., he, in company with a number of the hands of the compress, going to his supper after they had stopped work in the afternoon, walked up the path intending to cross the track, but when they reached the track it was occupied by a train of defendant's cars, twenty-five or thirty cars, the path crossing being near the middle of the train of cars. The train was not in motion. Some of the men climbed over the bumpers between the cars at different points. The engine was at the east end of the train; a switchman was west of plaintiff, the latter being between him and the engine in plain view. Plaintiff waited some five or ten minutes for the train to move, but as it did not, he decided to pass between the cars over the bumpers. When he got in between the cars, the switchman saw him and knowing that he was there between the cars, gave the signal to the engineer to move back with the train. Plaintiff was on the bumpers looking for a safe place to jump off on the other side when the cars backed up rapidly, catching his feet between the bumpers as the cars came together, injuring him as alleged. He did not remain longer between the cars than was necessary to go through. Most of the men had gone through between the cars before plaintiff attempted it, and one had just passed through before plaintiff between the same cars. The switchman did not say anything to plaintiff or any of the men about passing between the cars, nor did plaintiff notify him that he was going through. The time was about twilight, some of the witnesses testifying that the sun was shining and others that it was dark

enough to use the lanterns of the trainmen. Some of the testimony tended to show that the switchman who signalled the engineer to move the train did not see the plaintiff when he went between the cars and that he did not know he was there, but other testimony shows that he was looking that way, was only twenty feet away, that it was light enough, and that he must have seen him, the plaintiff, when he went in between the cars, and knew he was there when he signalled the engineer to move the train.

*Opinion.*—The court instructed the jury that the uncontroverted evidence showed that plaintiff was guilty of contributory negligence contributing to his injury, and that to entitle him to a recovery they must believe from a preponderance of the evidence that defendant's employes operating the train, or some of them, saw and knew the plaintiff's position of danger in time by the exercise of ordinary care to have avoided the injury, and that, unless they so found, to return a verdict for defendant. In deference to the verdict of the jury under this charge, we conclude that the switchman, upon whom the testimony of knowledge of the position of plaintiff was concentrated and who gave the signal to back the train, thus causing the injury, knew the danger of the plaintiff at the time he gave the signal to back the train. There was testimony authorizing the jury to so find, and though there was positive testimony to the contrary, we cannot hold that the verdict was not supported by the testimony. In view of the effect of the foregoing charge of the court, we are unwilling to hold that there was reversible error in permitting plaintiffs to prove the custom of the hands of the compress to cross the track of defendant when not occupied by cars, or that there was such error in permitting proof that such custom still existed. The testimony of custom could have no effect beyond a tendency to relieve plaintiff of negligence in crossing where and in the manner he did; and when the court told the jury expressly that plaintiff was *guilty of negligence that contributed to his injury, all injurious effect* of the testimony complained of was nullified, and the jury could not have considered any question but that presented by the charge making defendant liable only in case its servant saw and knew plaintiff's danger.

The court's charge cured any error that might have been committed in the admission of the testimony objected to. We think the assignments of error on this point should not be sustained.

We cannot see that the court erred to the injury of the defendant in presenting the issues to the jury by copying averments in plaintiff's petition. The jury were allowed to take all the pleadings with them in their retirement. Sayles' Civ. Stats., art. 1303.

There was no error in the court's refusal to instruct the jury at the instance of defendant to return a verdict for defendant. The court submitted the very issue to the jury upon which under the issues and testimony the defendant could be held liable, or not liable.

Though the plaintiff was guilty of contributory negligence and ex-

posed himself to danger, yet if defendant's servants discovered his danger in time to have avoided the injury by the exercise of ordinary care, the company would be liable if he was injured by their negligence in backing the train on him. Railway v. Sympkins, 54 Texas, 620; McDonald v. Railway, 86 Texas, 13; Railway v. Cocke, 64 Texas, 158; Hays v. Railway, 70 Texas, 607; Railway v. Evans, 71 Texas, 361; Artusy v. Railway, 73 Texas, 193, et seq.; Railway v. Smith, 52 Texas, 184; Railway v. McDonald, 75 Texas, 47; Railway v. Keith, 74 Texas, 290; Railway v. Roberts, 2 Texas Civ. App., 114.

The fact may be admitted that plaintiff was guilty of contributory negligence, yet the facts abundantly show that defendant's servant, the switchman, after having knowledge of his peril, was guilty of negligence that caused the injury, and that he might have avoided the injury by the exercise of ordinary care.

This being true, there was no error in refusing a new trial for insufficiency of testimony showing defendant's liability, or upon the ground that plaintiff was a trespasser and contributed to his own injury.

The judgment of the court below is affirmed.

*Affirmed.*