**PHILLIPS PETROLEUM COMPANY,**
Appellant,

v.

**Harold WEST, Appellee.**

No. 12871.

Court of Civil Appeals of Texas.

Galveston.

Nov. 10, 1955.

Rehearing Denied Dec. 1, 1955.

R. L. Foster and Harry D. Turner, Bartlesville, Okl., R. K. Batten and E. H. Brown, Houston, for appellant.

Phillips & Langworthy, W. B. Langworthy, and Wiley Thomas, Angleton, for appellee.

HAMBLEN, Chief Justice.

Appellee concedes that the following statement of the nature and result of this case, taken from appellant's brief, is substantially correct:

This is a suit in tort for damages to a rice crop allegedly caused by negligence of appellant in connection with its oil and gas operations. The appellant operated a well

productive of oil and gas, tank battery and water disposal pit on the Bullard tract under and by virtue of an oil and gas lease; the appellee had a surface or agricultural lease on the said Bullard tract subject to the prior rights of appellant under its oil and gas lease. Under the agricultural lease appellee planted this Bullard tract of land to rice during the crop years 1950 and 1951. This suit was for claimed salt water damage to appellee's 1951 rice crop. A jury trial was had, and judgment on the verdict was rendered for appellee.

■ This judgment is attacked by appellant in seventeen points of error. Points one to three, inclusive, are directed to the proposition that there is no evidence in the record that salt water from appellant's pit proximately caused the alleged damage to appellee's rice crop. After a careful examination of the record presented, this Court concludes that appellant is correct in its stated proposition, and that its points one to three, inclusive must be sustained. Because of the nature of this litigation, our conclusion is determinative of this appeal, and requires that the judgment of the trial court be reversed and here rendered that appellee take nothing.

It is undisputed that appellee raised a poor rice crop on the Bullard tract in 1951. Assuming all of appellee's evidence as true, and indulging every inference of which the evidence is susceptible favorably to appellee, the proof, in so far as it relates to the cause of such partial failure, is as follows:

Appellee, and a witness, Van Norman, testified that the tract was planted to rice in April, 1951. This planting failed to come up. Neither witness knew the cause of such failure. The tract was replanted in June, 1951, and produced a "fair stand" of rice. Appellee testified that appellant's pit ran over once during a heavy rain in the latter part of June, 1951, and remained full for about a month and a half thereafter. Appellee testified that his crop appeared to wilt in the first part of July, 1951, and failed to "stool out" as a normal rice crop should. Both appellee and the witness Van Norman admitted that many different things could

cause a crop failure. Plaintiff testified that he took water samples from his field and laterals in July, 1951, and again about a month later, which he delivered to P. C. Monarch for testing as to sale content. The witness Monarch testified that appellee delivered a sample of water to him in December, 1951. This witness testified that he made no record of the grams per gallon salt content of the water which his test disclosed, but that he recollected that it was higher than was usually put on rice. The witness did not know whether water with the salt content of the sample would be injurious to growing rice, and further testified that salt, in some degree, was frequently present in so-called fresh water.

Appellee's witness Rita Edwards testified as to the results of tests of two water samples brought to her by appellee in May of 1953. One sample tested 87½ grams of salt per gallon and the other tested 16.4 grams per gallon. The witness had no knowledge as to where these samples came from, and the record is otherwise silent as to their origin. This witness had no knowledge relative to the degree of salt concentration in water which would be injurious to growing rice.

■ It is fundamental that in any cause of action resting in tort, the burden is on the plaintiff to prove that some negligent act or omission of the defendant proximately caused the injury complained of. Gordon v. McIntosh, Tex.Civ.App., 54 S.W.2d 177. By points five to fifteen, inclusive, appellant asserts that there is no evidence, or alternatively, insufficient evidence, of any negligence in its operation of its well. We deem it unnecessary to pass upon such points, because we think it is quite clear that the proof fails completely to establish that any act or omission of appellant, negligent or otherwise, proximately caused the damage sustained by appellee. A most careful scrutiny of the record here presented has left this Court, as it must likewise have left the jury in the court below, in complete ignorance as to the degree of salt concentration in water which would be injurious to growing rice. The

only proof in the record which shows that salt may have possibly caused the injury is the coincidence of the overflowing of appellant's pit, and the wilting of appellee's rice crop. On the other hand, every witness who testified upon the subject, including appellee, admitted that a number of other causes could have produced the injury. Under that character of proof, the applicable rule of law is stated by the Supreme Court of Texas in Bowles v. Bourdon, 219 S.W.2d 779, 785, as follows:

■ " 'when the burden of proof is on the plaintiff to show that the injury was negligently caused by defendant, it is not enough to show the injury, together with the expert opinion that it might have occurred from negligence and many other causes. Such evidence has no tendency to show that negligence did cause the injury.'

■ "And if the plaintiff would rest upon inferences rather than upon direct evidence, he meets the same rule. 'The proof must establish causal connection beyond the point of conjecture. It must show more than a possibility. Verdicts must rest upon reasonable certainty of proof. Where the proof discloses that a given result may have occurred by reason of more than one proximate cause, and the jury can do no more than guess or speculate as to which was, in fact, the efficient cause, the submission of such choice to the jury has been consistently condemned by this court and by other courts.' "

The stated rule is quoted and applied to facts legally analogous to those here present in Brown v. Shannon West Texas Memorial Hospital, Tex.Civ.App., 222 S.W.2d 248.

■ It is possible that the injury to appellee's rice crop resulted from salt water. But it is likewise possible, and equally probable that it resulted from other causes unrelated to salt water. The rule is well established that where circumstances are equally consistent with the existence and nonexistence of an ultimate fact sought to be established, such circumstances are wanting in probative force as any evidence tending to establish the existence of the ultimate fact. Perren v. Baker Hotel of Dallas, Tex.Civ.App., 228 S.W.2d 311; General Accident, Fire & Life Assurance Corporation v. Perry, Tex.Civ.App., 264 S.W.2d 198.

Our holding that there is no evidence of proximate cause, as asserted by appellant's points one to three, inclusive, has been held to include, necessarily, a finding of insufficient evidence to support the jury verdict, as raised by appellant's point four. Barker v. Coastal Builders, Tex., 271 S.W.2d 798.

Appellant's remaining points sixteen and seventeen are directed to asserted procedural errors which need not be passed upon in view of our conclusions previously stated.

Reversed and rendered.

GANNON, Justice, not sitting.