JOSEPH F. PENZA *vs.* EQUITABLE FIRE & MARINE INSURANCE COMPANY.

JANUARY 9, 1958.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. This is an action of assumpsit on a contract of insurance which was tried before a justice of the superior court sitting without a jury and resulted in a decision for the defendant. The case is here on the plaintiff's exception to such decision.

It appears from the testimony of plaintiff, who was the only witness at the trial, that on October 27, 1956 he parked

his automobile, which was insured by defendant, on the side of the street in front of his house at the top of a hill. The car was headed down the hill with the wheels in a straight position. The plaintiff put it in reverse gear, applied the emergency brake, left it unlocked, took his ignition key with him, and went into the house. At that time there were a number of small children playing in the vicinity. About an hour and a half later he heard the cry from a neighbor downstairs: "The kids, the kids, your car." He ran out and found his car at the bottom of the hill resting against a house. Its brake was released and it was in neutral. He found no children there.

On this undisputed testimony he contended in the superior court that the only reasonable inference to be drawn therefrom was that the car had been moved from its parked position by an act of malicious mischief or vandalism on the part of a third person. The trial justice rejected this contention and held that on such testimony it would be pure speculation to so hold. The plaintiff now contends that the trial justice erred in not drawing the inference contended for and he argues that this court may draw such inference from the undisputed testimony.

It is true that we may draw inferences from undisputed evidence but, after reading the transcript, we are of the opinion that the evidence here does not warrant the inference which he desires us to draw. Hence, there being no proof of vandalism or malicious mischief to bring the case within coverage D of the policy insuring against loss or damage to plaintiff's automobile from those acts, the trial justice's decision for defendant was correct.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Aram K. Berberian*, for plaintiff.

*William S. Flynn, Christopher J. Brennan*, for defendant.