GEORGE JANVIER, Judge pro tern.
This matter presents only one question which is easily and quickly stated, though not so easily answered. Can the owner of a barroom, who has obtained insurance against loss caused by malicious mischief or by vandalism, recover for the value of certain bottles of liquor and glasses broken as a result of a fight between two patrons and the bartender-employee of the owner which fight was provoked by the two patrons and not by the bartender?
It was agreed that if there should be recovery under the policy, the value of the destroyed articles was $230.79.
There was judgment in favor of plaintiff in the stipulated amount and the defendant insurer has appealed.
The facts are set forth in a stipulation, the important part of which reads as follows :
“On November 17, 1960, as a result of a fist fight between John W. Rodriguez, Clarence Fuller, Jr. and the bartender employed by plaintiff, plaintiff sustained damage consisting of broken bottles of liquor, glasses and *831 miscellaneous items in the sum of $230.79. It is further stipulated that if said policy applies, plaintiff is entitled to recovery in that amount.
“It is further stipulated that the said fight between Rodriguez, Fuller and the bartender was provoked by said Rodriguez; and Fuller and not by the bartender. Some of the damage sought to be recovered was caused by the participants throwing bottles and glasses at each other, and some caused by said bottles and glasses being broken in the course of said altercation.”
The policy of insurance provided for coverage should loss be caused by malicious mischief or vandalism. So far as malicious mischief is concerned we think that a decision of our Supreme Court in Ducote v. United States Fidelity & Guaranty Co., 241 La. 677, 130 So.2d 649, requires a holding that there was no right to recover for loss caused by “malicious mischief,” since it is obvious that there was no malice evidenced by the two participants towards the owner of the establishment nor against the bartender even if he be considered as a representative of the owner.
In that case the Supreme Court, affirming a decision of this Court, 125 So.2d 176, held that there could be no recovery under either of two similar clauses in an insurance policy. Discussing the question of what constitutes malicious mischief, the Court said.
“The word ‘malicious’ is characterized by or involves malice; the word ‘malice’ in common speech means ill will or a purpose to harm. Any unlawful act done wilfully and purposely to injure another is malicious as to that person. And malicious mischief has been well defined as the wanton or reckless destruction of or injury to property, implying in some cases a wrong inflicted on another with an evil intent or purpose, or motivated by black and diabolical revenge. * * * ”
And the Court then said that the act in the case of malicious mischief not only must proceed from malice but
“ * * * according to the general doctrine the malice is against the owner of the property, rather than against another person or the property itself; it is the wilful injury to or destruction of property motivated by ill will or resentment toward the owner thereof. * % * «
There is no suggestion that the malice, which no doubt existed between the two parties, was to any extent directed against the insured owner of the establishment, and there is nothing to indicate that the malice was directed at the bartender even if it should seem proper to hold that he was the representative of the owner and that malice towards ' the bartender should be considered as malice towards the said employer.
When we come to consider whether the coverage against vandalism entitles the owner to recover, we find the question more complicated.
In the Ducote case an intoxicated employee, who had no authority to do so, took a truck of his employer and departed “on venture of his own.” As a result of his condition the truck was damaged and the question arose as to whether the owner could recover from the insurer under a policy covering loss caused by vandalism. The Supreme Court held that, where vandalism is charged, there must be charged an intention to damage or destroy the property. Having reached that conclusion the Court said that, while the taking of the truck had been wanton and wilful, it did not necessarily follow that the damage sustained in the accident had been wilfully caused. In other words, the driving of an automobile by an intoxicated person will often result in injury, but it is not a result which the driver contemplates and intends.
Defendant insurer here relies upon that decision in contending that there can be no *832 recovery for vandalism; that there was no intention to destroy the glasses and the bottles of liquor; the only intent shown having been the intention of each antagonist to injure the other.
It is true that when each of the parties to the fracas entered into the throwing contest, neither had any wilful intention to destroy the property. However, where such a result is so absolutely certain, we think there can be written into their conduct the intention to destroy the property which is being thrown. What these two antagonists did that is, when they threw $230.00 worth of bottles and glasses, the destruction was so certain that we are justified in saying that they intended that result, and, since that was their intention, their acts constituted vandalism. The policy holder is entitled to recover.
Accordingly, the judgment appealed from is affirmed at the cost of appellant.