**IMPERIAL CASUALTY AND INDEMNITY COMPANY OF OMAHA, NE-BRASKA, Appellant,**

v.

**Ray TERRY, individually and doing business as Terry Brothers, Appellee.**

No. 467.

Court of Civil Appeals of Texas, Tyler.

Feb. 26, 1970.

Rehearing Denied March 12, 1970.

Ramey, Brelsford, Flock, Devereux & Hutchins, Tracy Crawford, Mike A. Hatchell, Tyler, for appellant.

Joe Tunnell, Tyler, for appellee.

DUNAGAN, Chief Justice.

The appellee, Ray Terry, the owner of a trucking business known as Terry Brothers, brought this suit against his automobile insurer, Imperial Casualty and Indemnity Company of Omaha, Nebraska, to recover under the "malicious mischief" provision (Coverage I) of a policy of insurance covering one of his trucks, the motor of which was damaged by some foreign substance in the lubrication system allegedly placed there maliciously and willfully by some unknown person.

The case was tried to a jury which returned a verdict in which it found that the damage to the truck was caused by "malicious mischief" and not by "wear and tear".

On the basis of this verdict, judgment was rendered against Imperial in the amount of $1,615.43.

Appellant presented a motion for an instructed verdict at the close of appellee's case as well as when all parties rested. One of the grounds stated therein was that the evidence failed to raise a fact issue that the damages, if any, were caused by "malicious mischief" as alleged in plaintiff-appellee's petition. Likewise, appellant objected to the court's charge for the same reason. Said motions and objection were by the court overruled.

1. "SPECIAL ISSUE NO. 1:
    "Do you find from a preponderance of the evidence that the damage to Plaintiff's truck was caused by malicious mischief as that term is herein defined?

This appeal has been duly and timely prosecuted from that judgment complaining principally of the (1) sufficiency of the evidence to support recovery under the policy, (2) sufficiency of the evidence to support the damages awarded, (3) trial court's refusal to submit requested issues, and (4) court's ruling on the exclusion or admission of certain evidence.

Appellant by its points of error 1 and 2, in substance asserts that there is no competent evidence or the evidence is insufficient to support the jury's answer to Special Issue No. 1 [1].

In April, 1965, Imperial Casualty and Indemnity Company of Omaha, Nebraska, issued to Ray Terry, d/b/a Terry Brothers, its general automobile insurance policy covering the entire fleet of trucks used by the insured in his trucking business. The policy was in full force and effect at all times material to this lawsuit.

As part of its "Combined Additional Coverage" (Coverage I), the policy insured against " * * * damage to the automobile * * * caused by * * * malicious mischief or vandalism * * *."

Plaintiff brought this suit for damage allegedly caused by "malicious mischief" only, deduced to have occurred because of the following circumstances.

The insured truck—a 1963 Diesel with 363,000 miles on it broke down near Casa Grande, Arizona, on a return trip to Texas, hauling a load of fresh lettuce. The truck was taken to Empire Machinery Company in Casa Grande where it was found that the engine had been substantially damaged by the presence of some foreign substance in the lubrication system.

■ Although there are no Texas cases dealing with the "malicious mischief" provision of an automobile insurance policy, a

"Answer 'It was': or
'It was not'.
"ANSWER: It was."

substantial body of authority in other jurisdictions has established that malicious mischief is a wanton, intentional act committed with the fixed purpose to damage or destroy property. See Rich v. United Mutual Fire Insurance Co., 328 Mass. 133, 102 N.E.2d 431, (1951); Ducote v. United States Fidelity & Guaranty Co., 241 La. 677, 130 So.2d 649, 651, (1961); Nicholas v. New York Underwriters Insurance Co., 148 So.2d 830, 831, (La.App., 1963); Thomas v. Pennsylvania Fire Insurance Co., 163 So.2d 202, (La.App., 1964, writ ref., 246 La. 583, 165 So.2d 481).

■ Regardless of how careless, negligent or even illegal an act might be, it is not malicious mischief absent evidence that the act was motivated by malice towards the property or its owner, i.e., by fixed intent to cause injury to specific property. Rea v. Motors Ins. Corporation, 48 N.M. 9, 144 P.2d 676, 680, (1944); Eis v. Hawkeye-Security Insurance Co., 192 Kan. 103, 386 P.2d 206, 210, (1963); Cruse v. Government Employees Insurance Co., 391 S.W.2d 1, 3–4 (Mo.App., 1965); 7 Blashfield Automobile Law and Practice 546–547, "Comprehensive Coverage", Section 313:18 (1966).

■ It is the insured's burden of proving the essential elements of malicious mischief. Lanza Enterprises, Inc. v. Continental Insurance Co., 142 So.2d 580, 581 (La.App., 1962). In the case of Rea v. Motors Ins. Corporation, supra, 144 P.2d at 680 we find this statement:

"Malice towards the owner of property injured is an essential element of 'malicious mischief', and in the absence of evidence of malice, actual, express, or implied, a motion for directed verdict should be sustained, * * *.

'In prosecution for malicious mischief, malice towards the owner of the property injured is the gravamen of the offense, without which it would be a mere trespass.' * * * *"

It is not shown when the truck departed for Arizona or when it broke down. The driver of the insured truck did not testify on the trial of this case. Therefore, there is no testimony as to the activity in which the truck was engaged, where it had been or what conditions it had encountered before the breakdown. Consequently, there is no direct evidence as to how, when or over what period of time sand or any foreign substance got into the lubrication system, if it did, nor is there evidence of the particular circumstances surrounding any such occurrence, if it did happen.

If there is any evidence at all that sand or other foreign substance was deposited (1) by a human being (2) who was prompted by malice and intent to injure—both elements being necessary to plaintiff-appellee's cause of action—such evidence must come from appellee's testimony that the truck's oil was changed before its trip to Arizona; that, under normal operation, "it would take years" to accumulate the substance found in the oil which he examined and inspected; and his conclusion that there was no way for the sand to get in there unless some one put it there.

The evidence adduced by appellee in support of his allegation that the breakdown of the truck in Arizona in February, 1966, because of damages to the engine thereof, which is the basis of this lawsuit, was caused by malicious mischief was from the testimony of the appellee himself. He was the only witness called to testify on behalf of the appellee. He testified that the oil in the truck was changed at the beginning of the trip to Arizona; that the oil in the truck was changed every 6,000 miles and that it had traveled approximately 1,800 miles after servicing before the breakdown in Arizona; that the truck was equipped with extra oil filters to insure that the oil would be clean; in his (appellee) opinion, by changing the oil every 6,000 miles "it would take years" for the amount of sand found in the oil to accumulate and over appellant's objection he testified that: "There was no way for it to get in there

unless some one put it there". He also testified that samples of the oil, oil filter and other parts were removed from the engine of the truck by the Empire Machinery Company in Casa Granda, Arizona, while in the process of making repairs thereto. The oil sample and parts so removed were sent by Empire Machinery Company to him by putting them on the truck upon its return to Texas after the repairs to the truck were made. They were delivered to the appellee in Dallas. He could not remember the date of delivery. The oil was in a bottle. Thereafter upon his examination of the oil sample he found therein a foreign substance which he believed to be sand. He further testified that the metal parts were "Just like you had turned a sand-blasting machine on it." He also testified that by rubbing the oil between your fingers you could feel sand; that you could see sand in the oil filter and on the parts; and that there were sediments in the bottom of the bottle.

When objects or articles can be brought into court and exhibited, it is more satisfactory than a description of them by witnesses that have inspected them outside of court. Hays v. Gainesville St. Ry. Co., 70 Tex. 602, 8 S.W. 491, (1888). However, the oil sample and the parts that were testified about by appellee were not offered into evidence because they were not available. Soon after appellee had received these articles in Dallas, he turned them over to an agent of appellant. While in appellant's possession, they were lost.

The person or persons who, while in the process of making repairs to the truck, removed the oil, oil filter and parts from the engine of the truck and therefore from personal knowledge were in position to account for what foreign substances, if any, were found in the oil, oil filter and on the parts, did not testify upon the trial of this case.

The crucial question to be determined concerns whether the plaintiff-appellee has proved by competent evidence that the damages in question were caused by "malicious mischief" so as to be within the coverage of a policy issued to him by the defendant-appellant. We do not believe he has done so.

There is a total absence of any competent evidence that any sand was found in the oil, oil filter or on the parts when they were disassembled and removed from the truck in Casa Grande, Arizona. We are aware of the testimony of the appellee that "When they (Empire Machinery Company) got into the engine they found it full of sand." The appellee did not make the trip to Arizona on the occasion in question and was not present or even in Casa Grande when the oil and parts were removed from the truck. Therefore, it is obvious that this testimony was based upon hearsay and was inadmissible. Panhandle & S. F. Ry. Co. v. Reynolds, 33 S.W.2d 249, 251, (Tex.Civ.App., Amarillo, 1930, n.w.h.); Walker v. Dickey, 44 Tex.Civ.App. 110, 98 S.W. 658, 663, (1906, writ ref.); Commercial Standard Ins. Co. v. Billings, 114 S.W.2d 709, 712, (Tex.Civ.App., Amarillo, 1938, writ dism.); Insured Lloyds and Southern Insurance Company v. Classic Motors, 296 S.W.2d 350, 352, (Tex.Civ.App., Austin, 1956). Even though this testimony as well as the testimony of appellee as to the condition in which he found the oil sample and parts was admitted without objection, nevertheless it is incompetent. "Such incompetent testimony can never form the basis of a finding of facts in an appellate court, notwithstanding its presence in the record without objection. When the appellate court comes to apply the law to testimony constituting the facts of a case, it can only base its conclusion upon such testimony as is under the law competent. That which is not competent testimony should be given no probative force. The admission of such testimony is no talisman to give effect to that which is irrelevant and incompetent to sustain or deny a material issue in a case". Henry v. Phillips, 105 Tex. 459, 151 S.W. 533, 538, (1912); also see The State of

Texas v. Wilson, 439 S.W.2d 134, 139, (Tex.Civ.App., Tyler, 1969, n.w.h.)

█ The competent and probative evidence shows only that the oil, oil filter and parts were removed from the truck in question by the Empire Machinery Company in Casa Grande, Arizona, and at an unknown date were later sent to the appellee in Dallas, where thereafter, upon an examination by the appellee, sand was found in the oil samples and on the parts. There is not any evidence of the elapse of time between the removal of the oil and parts and the delivery of such oil and parts to the appellee in Dallas. What physical treatment the oil and parts, after being removed from the truck, had or may have been subjected to or what exposure the said oil and parts had or may have had to the elements from the time of their removal from the truck in Casa Grande until placed on the truck for delivery to appellee in Dallas, or while in transit, which could have been the source of the sand found in the oil, oil filter and on the parts that had previously been removed from the truck, is not shown. It is also not shown that the oil and parts at the time they were examined by the appellee in Texas were in the same or substantially the same condition as they were at the time they were removed from the truck by Empire Machinery Company in Casa Grande, Arizona. We do not know over what period of time the oil sample and parts remained in Casa Grande before they were sent to Dallas or who had handled them in the meantime. There was no limitation or restriction of the description the appellee gave as to the condition of the oil and parts. Such evidence is admissible upon the trial of a case if it tends to solve some issue in the case, i.e., if it has evidentiary value. Of necessity, such contemplates that the condition of the oil sample and parts as described by the appellee must be shown to be the same or substantially the same at the time of his examination of them in Texas as they were when removed from the truck in Casa Grande, Arizona and relevant as against any idea of speculation, conjecture, or presumption. Washburn v. State, 167 Tex.Cr.R. 125, 318 S.W.2d 627, 635–636, (1958); 23 Tex.Jur.2d Sec. 389, p. 580; Vol. 2 McCormick & Ray, p. 310 Sec. 1458; 29 Am.Jur., Evidence, Secs. 773–774, 776; Atlanta Coca-Cola Bottling v. Burke, 109 Ga.App. 53, 134 S.E.2d 909, 914, (1964); Macon Coca-Cola Bottling Co. v. Chancey, 216 Ga. 61, 114 S.E.2d 517, 522, (1960). The record reflects that appellee made demand upon the appellant for certain admissions. However, there was no request for nor an admission that the oil sample and parts contained sand or any other foreign substance when they were removed from the truck. Therefore, there is no admission nor any testimony of probative force that the said articles were in the same or substantially the same condition when appellee examined them as they were when they were removed from the truck in Casa Grande. The evidence shows that the breakdown of the truck occurred in the desert of Arizona about 40 miles from Casa Grande. Not only was it not shown that sand was put into the lubricating system of the truck by a human agency, there is also no evidence that sand was in the lubricating system of the truck after it left Whitehouse, Texas, and before the breakdown in Arizona. The testimony only shows that after the oil sample and parts were delivered to appellee in Dallas they were found to contain sand.

We do not believe the appellee has met the burden of proof required of him to establish that the breakdown of the truck in Arizona on the occasion in question was caused by "malicious mischief" as alleged by appellee and as that term was defined by the court in his instruction to the jury.[2]

Without doubt for appellee to show that the cause of the breakdown of the truck on

2. "Malicious Mischief, as that term is used in the foregoing issue means such willful and wanton acts as are intended to damage or destroy the property of another and involves any unusual destruction wrought in the doing of a wrongful act."

the occasion in question was from sand put into its lubricating system by a human agency willfully and with intent to do damage to the truck, it is appellee's burden to first prove by competent evidence that the sand was in the lubricating system of the truck at the time of its breakdown in Arizona.

To recover under a policy assuring against loss caused by "malicious mischief", the appellee is required to show by a preponderance of the evidence, direct or circumstantial, that the damage was caused by acts intended to damage the property in question. Lanza Enterprises, Inc. v. Continental Insurance Co., supra; Thomas v. Pennsylvania Fire Insurance Co., supra.

" * * * However, to establish a disputed fact by circumstantial evidence, the circumstances relied on must have probative force sufficient to constitute the basis of a legal inference as to the existence of the fact; the circumstances in question may not amount to merely a surmise, suspicion, or purely speculative conclusion as to the fact's existence. Moreover, the circumstances relied on must themselves be proved by direct evidence; they may not be shown by inference or presumption." 24 Tex.Jur.2d Sec. 728, p. 399.

" * * * Where circumstances are equally consistent with the existence and nonexistence of an ultimate fact sought to be established, such circumstances are wanting in probative force as any evidence tending to establish the existence of the ultimate fact." South Texas Water Co. v. Bieri, 247 S.W.2d 268, 274 (Tex.Civ.App., Galveston, 1952, writ ref. n.r.e.).

It is our opinion that the evidence in this case gives rise to nothing more than equal probabilities or possibilities as to the source of the sand which, in law, amounts to no evidence of the source, much less the human source which appellee had to establish. See Calvert v. Union Producing Co., 402 S.W.2d 221, 227 (Tex.Civ.App., Austin, 1966, writ ref. n.r.e.); Phillips Petroleum Co. v. West, 284 S.W.2d 196, 198 (Tex. Civ.App., Galveston, 1955, writ ref. n.r.e.).

To sustain the judgment in this case it must be presumed that (1) there was sand in the lubricating system of the truck at the time it broke down in Arizona; (2) the sand found in the oil and the parts examined by appellee in Texas was therein when they were removed from the truck in Casa Grande; (3) it was put into the oil lubricating system by a human agency; and (4) it was put into the oil lubricating system willfully and with the intent to damage the truck. One presumption cannot be based upon another presumption. Rounsaville v. Bullard, 154 Tex. 260, 276 S.W.2d 791, 794 (1955).

The finding of the jury that the damage to the truck was caused by "malicious mischief" by reason of sand being put into its lubricating system by a human agency willfully and with the intent to damage the truck, is not justified under the competent evidence in this case for the reasons herein stated. The competent evidence as shown by the record in this case leaves the cause of the damage, here sued for, a matter of speculation, conjecture and surmise. Rich v. United Mutual Fire Insurance Co., supra; Penza v. Equitable Fire & Marine Insurance Co., 87 R.I. 26, 137 A.2d 530, (1958); South Texas Water Co. v. Bieri, supra; Kenyon v. Bender, 174 S.W.2d 110 (Tex.Civ.App., Beaumont, 1943, ref. w.m.).

When the contention is that there is "no evidence", the reviewing court may consider only that evidence, if any, which, viewed in its most favorable light, supports the jury's verdict, and we must disregard all evidence which would lead to a contrary result. Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359, (1957). Applying the above rule to the evidence before us in this case brings us to the conclusion that appellant's contention that there is no competent evidence to sustain the jury's finding that the damage to the truck in question was caused by "malicious mischief" must be sustained.

In view of our disposition of this appeal, we do not reach appellant's point relating to the insufficiency of the evidence to support the jury's findings in answer to Special Issue No. 1 but upon an examination of the entire record, if this point should be reached, we would hold that the evidence is insufficient to support such finding and the judgment of the court based thereon.

Also in view of our disposition of this appeal, it is not necessary and we do not pass upon appellant's other points of error.

There is no evidence, at least of probative force, to justify the finding of the jury that the damage to the truck was caused by "malicious mischief". In our opinion, the court should have granted appellant's motion for instructed verdict. The case is, therefore, reversed and rendered for the appellant.