**CORPORATION OF ROYAL EXCHANGE ASSURANCE OF LONDON v. PUCKETT.**
(No. 6832.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 22, 1922. Rehearing Denied Jan. 3, 1923.)

**1. Insurance ⚖➡665(4)—Evidence held sufficient to sustain recovery under automobile insurance policy against theft.**

In an action on a policy insuring plaintiff's automobile against theft, evidence that she never saw the automobile after delivering it to a repair shop, the proprietor of which claimed that he had sent the car back to her, and that she instituted a search for it, calling in the assistance of city detectives, the sheriff, and the district attorney, *held* sufficient to authorize a recovery on the policy.

**2. Evidence ⚖➡596(2)—Proof required in criminal cases not required in civil cases.**

Proof required in a criminal case, where one is charged with theft, from the very nature of things cannot be required in a civil case for damages on account of theft.

**3. Insurance ⚖➡281—Insurer cannot complain of value of automobile in policy against theft, placed thereon by itself in soliciting insurance.**

Where, in an action on an automobile insurance policy against theft, the facts revealed that the insurer sought the insurance of the car and placed its own value upon it, after an inspection and when insured was not present, the insurer cannot be heard to complain concerning such value.

Appeal from Bexar County Court; McCollum Burnett, Special Judge.

Action by Lettie Puckett against the Corporation of the Royal Exchange Assurance of London. From a judgment for plaintiff, defendant appeals. Affirmed.

Thompson, Knight, Baker & Harris, of Dallas, for appellant.

W. W. Walling and E. H. Powell, both of San Antonio, for appellee.

FLY, C. J. Appellee sued to recover on a policy issued by appellant, insuring her against loss of her automobile by theft, and the same was presented to a jury on special issues, and upon their answer thereto the court rendered judgment in favor of appellee for $500. The jury found that the automobile was stolen, by some person not in the employ of appellee or in her household, and that the automobile was of the value of $650. The statement of facts sustains the findings of the jury.

[1, 2] The evidence showed that the automobile was placed in a shop to be repaired; that it was given in charge by appellee to a partner in the repair shop; that she never saw her automobile after delivering it to the repair shop. The proprietor, Smith, claimed that he had sent the car back, but appellee never saw it. She instituted a search for it, calling in the assistance of city detectives, the sheriff, and the district attorney. What became of the car appellee could not know. She lost it, and, as in other cases of theft, the thief did not leave his name or address. Appellee was not called upon to show who got her automobile, but merely to show that it was hers, and that it disappeared. That character of proof required in a criminal case, in which a party is charged with theft, from the very nature of things could not be required in a civil case. Appellee showed that the automobile was her property, and was in her possession and was taken without her knowledge or consent, and that was sufficient. The disappearance of the car could not reasonably be accounted for except on the assumption that it was stolen.

[3] Appellant is in no position to be complaining about the value of the car, because

the facts reveal that it sought the insurance of the car, and placed its own value upon it, after an inspection, and when appellee was not present. It ought to show at least a modicum of the anxiety to pay the insurance money as it evinced in obtaining the policy and collecting the premium. There was no issue in the trial court, there is none in this court, as to the ownership of the automobile.

The car was delivered to Roy Fagg, an employé or partner in the repair shop, and in no way connected with the service of appellee. Not one particle of testimony was introduced tending to show that the car could have been stolen by any one in the employ or belonging to the household, of appellee.

There was no question about the ownership of the automobile in the lower court, and there is not now, and that question cannot be forced into this case. Appellee swore that she received a paper from her vendor which she called a contract, which from her description was to all intents a bill of sale to the automobile. No effort was made to show that appellee did not have a bill of sale, and no such question was raised in pleading or evidence.

The judgment is affirmed.

### On Motion for Rehearing.

While appellant has seen fit to call the instrument under consideration an "application for rehearing," it might with more propriety and accuracy be denominated "an arraignment of the Court of Civil Appeals" for failing to render an opinion in favor of appellant. The same recklessness shown in designating the paper by a name unknown to the statute is carried through its entire motion in anything but a mild and courteous course.

"This honorable Court of Civil Appeals" did not hold that the burden was not on appellee to prove the actual value of the automobile at the time of its loss, nor used any language that can be distorted into any such ruling. In fact there was no opening for such a ruling had it been desired, for the facts show beyond cavil what the automobile was worth at the time it was stolen. N. A. Pendergast swore the car was worth from $500 to $800. B. N. Driggers swore that the car was worth about $700. Even the witness Dorman, used by appellant, swore the car was worth from $250 to $450. The evidence was ample to justify a verdict for $650. Appellant seems to have forgotten or ignored any testimony but that of its own witness. The jury did not. While the burden rested on appellee to establish the value of the car when stolen, we still think that appellant is in a rather unenviable position when it complains of the value of a car fixed by itself.

On a parity with the contention that this court held that the burden of proving value of the automobile was on the appellant is the assertion that it was held "that the amount of the insurance on the automobile is to be taken as prima facie evidence of the sum recoverable under the policy sued upon," and that the policy is a valued one. No such holding was made by this court. Upon these false assumptions is based a learned dissertation on valued policies, with citation of authorities and quotations therefrom which might be very instructive if not aimed at a straw man erected by appellant.

This court did not hold, nor is there any foundation arising from inference, suspicion, or imagination in stating, that the burden was, on appellant to show that the automobile in question was stolen by some one in the employ or belonging to the household of appellee. There was no occasion for such ruling from the fact that appellee showed that the car was stolen by some one not in her employ. No effort was made to meet this proof.

There is nothing in the motion demanding a written opinion, and it has only been given for the reason that it is possible that the Supreme Court might conclude that this court has final jurisdiction if a case originating in a county court as provided by law, and our judgment might be a final adjudication of cause.

There is no merit in the motion, and it is overruled.