## NATIONAL LIBERTY INS. CO. v. WATTS.

No. 5059.

Court of Civil Appeals of Texas. Texarkana.

Feb. 11, 1937.

Thompson, Knight, Baker & Harris and J. E. Henderson, all of Dallas, for plaintiff in error.

Jones & Jones, of Mineola, for defendant in error.

WILLIAMS, Justice.

Plaintiff in error brought this suit against one Boutwell as maker of an installment lien note payable to J. B. Howell and against defendant in error Watts as an indorser on same. Boutwell was dismissed from the suit, he being insolvent and his whereabouts unknown. After evidence was heard, cause by agreement was withdrawn from the jury and submitted to the court. Judgment was rendered for defendant in error.

At the time of the execution of the note, Boutwell executed a chattel mortgage on one automobile. Insurance on the car was procured from plaintiff in error covering various risks, including "loss by conversion." Premiums for this insurance were paid by Boutwell. Boutwell was named as assured with loss payable clause to Howell, the mortgagee named in the mortgage. Defendant in error Watts had previously sold the car to Boutwell on deferred payments, and, in refinancing the car for Boutwell, Watts handled all the details of drawing up the note and mortgage and helped Boutwell secure the insurance.

Defendant in error, Watts, indorsed the note as follows: "I endorse the within note and promise to pay same when due, waiving notice, grace and protests." Watts drew on Howell for face amount of the note, and attached to the draft the note, copy of the chattel mortgage, and the insurance policy covering risks above mentioned. Upon receipt of these papers Howell paid the draft.

Later, Boutwell, together with the car, disappeared and neither has been heard from since. Several months after maturity of the note, plaintiff in error under "loss by conversion" clause paid to said Howell a sum amounting to the balance due on the note. Howell at the time of the payment surrendered to plaintiff in error the insurance policy and the same was canceled by the company, the company stamping upon the policy "cancelled by loss." Said Howell at the same time also assigned to plaintiff in error the installment note together with all the rights of said mortgagee under all the securities held by him for the debt.

The insurance contract provided: "This Company may require from the assured an assignment of all rights of recovery against any party for loss or damage to the extent the payment therefor is made by this Company."

■ "It is well settled in this and other jurisdictions that when a creditor receives security for a debt for which a surety is bound, the security inures to the benefit of the surety, whether it is obtained at the time of or subsequent to the surety's assumption of liability, or with or without the surety's knowledge." Hatch v. First State Bank (Tex.Civ.App.) 270 S.W. 1093; 21 R.C.L. 1053; Nunn v. Smith (Tex.Civ. App.) 194 S.W. 406. "Neither it is essential to the maintenance of an action by one of the parties that there should be an express promise existing between the parties. The law implies a promise where justice imposes a duty, and in such cases no privity of contract need be alleged or proved and its existence is unnecessary." Elliott on Contracts, § 1406. The facts in this case clearly invoke the principles of law just stated. Defendant in error, Watts, caused this insurance contract to be procured before he indorsed and delivered the note to Howell. Watts also obtained a mortgage on the car before he indorsed the note. Both were securities obtained by the creditor Howell before Watts indorsed and delivered the note.

■ When plaintiff in error acquired the note from Howell by assignment, the note was several months past due, and, being after maturity, it acquired no more rights or equities than Howell had. Howell, the payee and creditor, received payment of his note which automatically extinguished it as far as defendant in error was concerned. Hall v. Miller (Tex.Civ. App.) 268 S.W. 268, 270. This insurance and its benefits placed in the hands of the creditor by the maker of the note inured to the benefit of defendant in error. This was the contract between this creditor and Watts as indorser. This paper was assigned to plaintiff in error after its maturity and it acquired no greater right by the assignment than Howell had.

The judgment is affirmed.