**COMMERCIAL STANDARD INS. CO. v. BILLINGS et al.**

No. 4861.

Court of Civil Appeals of Texas. Amarillo.

Feb. 21, 1938.

Rehearing Denied March 28, 1938.

Underwood, Johnson, Dooley & Huff, of Amarillo, for appellant.

Clayton & Bralley, of Amarillo, for appellees.

FOLLEY, Justice.

This action was instituted in the county court of Potter county, Tex., by H. V. Billings and Frank Harris, appellees, against the Commercial Standard Insurance Company, appellant. The parties shall be designated as in the trial court.

The plaintiffs, Billings and Harris, alleged that they had been engaged in business in Dallas as partners under the name of Dallas Auto Loan Company; that on or about October 11, 1934, one David Winniman sold a 1931 model Buick coupé automobile to John E. Lee; that as a part consideration Lee executed a note for $253, and mortgage on the automobile securing the same, in favor of Winniman, said note being payable in ten monthly installments; that before the maturity or de-

linquency of the note it was transferred and indorsed by the plaintiffs to the Motor Investment Company; that the plaintiffs caused to be issued by the defendant, Commercial Standard Insurance Company, a policy of insurance against theft on the automobile in the amount of $250, with a loss payable clause in favor of the Motor Investment Company to the extent of its interest; that thereafter, on or about October 15, 1934, the automobile was stolen in Dallas, Tex.

The plaintiffs further alleged that upon the theft of the automobile the Motor Investment Company called upon them to repurchase the note and mortgage under their guaranty of payment in the previous transfer from plaintiffs to the Motor Investment Company; that on March 12, 1935, the note and mortgage was transferred and reassigned to the plaintiffs upon their payment to the Motor Investment Company of the sum of $244, being the balance due at that time upon the note. The plaintiffs alleged that, by reason of the transfer and assignment to them from the Motor Investment Company, they became subrogated to all rights of the Motor Investment Company as against the defendant. The market value of the automobile was alleged to be $500 at the time it was alleged to have been stolen. The defendant answered by the general issue.

The case was tried before a jury. Only two issues were submitted, one asking if the automobile in question was stolen at the time alleged, and the other inquiring of the jury the market value of the automobile. The jury answered the first issue in the affirmative, and fixed the value of the automobile at $500 in response to the second issue. Upon their verdict the trial court rendered judgment for the plaintiffs against the defendant in the sum of $276.94. From such judgment, the defendant has prosecuted an appeal to this court.

The defendant attacks the judgment of the trial court by reason of the insufficiency of the testimony to establish the theft of the automobile in question, and particularly that the testimony was insufficient to prove the alleged loss was not within the exceptions of liability recited in the theft clause of the policy.

The policy introduced in evidence contains many exceptions from liability in case of theft, among which we note was that the coverage for theft did not in- clude the wrongful taking by any person or persons in the assured's household, or in his service or employment. It further excepted any loss suffered by the assured's voluntarily parting with the title and possession or by the wrongful conversion or secretion of the automobile by a mortgagor, vendee, or lessee.

■ The only witness who testified in the case was the plaintiff H. V. Billings. The substance of his testimony was as follows: Prior to his removal from Dallas to Amarillo he was operating a loan company at Dallas; he assisted in financing the automobile in question at the time it was sold by Winniman to Lee; he inspected the automobile at the time the loan was made; that was the last time he ever saw the car; that he knew one J. E. Ernest was an officer of the defendant insurance company; he talked to Ernest on October 15, 1934, and told Ernest that he understood that the automobile had been stolen; that Mr. Ernest admitted that a claim had been filed with his company and that he was investigating the claim; that Ernest denied liability on the alleged loss; that Ernest, however, agreed to co-operate with plaintiff in attempting to find the car; that Ernest agreed to send out alarm cards through their system to police in all parts of the country; that later Ernest informed him the alarm cards had been sent out, as agreed; that Mr. Ernest stated to him that the car was supposed to have been stolen; that he had made a personal attempt to locate the car and had searched the premises of John E. Lee; that he placed the claim with a private detective agency and wrote every highway department in the United States trying to trace the car; and that he had spent considerable time and money in trying to locate either David Winniman or the automobile. He further testified that Winniman was supposed to have stolen the car and that he understood that Winniman got possession of the car from Mr. Lee. Lee did not testify in the trial of the case, and his absence was unexplained. The circumstances surrounding the alleged taking of the car were not explained or detailed by any witness. The testimony above recited is the only light that is shed upon the alleged disappearance of the automobile. Where the car was when it was taken, who last saw it or had possession of it, is not revealed. That part of the above testimony offered by Billings is hear-

say, and therefore incompetent to support the judgment of the trial court, is too elementary to merit our discussion. Henry et al. v. Phillips, 105 Tex. 459, 151 S.W. 533; Firemen's Ins. Co. of Newark, N. J. et al. v. Universal Credit Co., Tex.Civ. App., 85 S.W.2d 1061, 1062.

In the Universal Credit Co. Case just mentioned, the sufficiency of the evidence to show theft was attacked as in the instant case. In that case the evidence showed that the car was found in a wrecked condition in front of a place of business. The assured wrote a letter to the insurance company stating that his automobile had been stolen. A statement in writing from the assured was introduced in evidence to the effect that the assured had been unable to find out how the car was wrecked or who had stolen it. In passing upon the sufficiency of the testimony in that case the following language was used: "The fact that the car in a wrecked condition was found parked beside a garage was certainly, standing alone, no evidence that it had been stolen. All of the other testimony was clearly hearsay as to appellants. Under the authorities above cited, it constituted no evidence that the car had been stolen."

■ In the instant case the testimony on the issue of theft is even weaker, in our opinion, than that in the Universal Credit Co. Case. In the instant case there is no competent testimony to show that the car is not still in the possession of the assured. The fact that Billings did not find the automobile on Lee's premises would not prove the car was stolen. It is a matter of common knowledge that automobiles are not always located on the premises of the owner. They are used constantly by most owners. That such car was not being used elsewhere by the assured at the time the witness made his search of the assured's premises is not refuted by any evidence in the record.

■ If we gave full credence to all the testimony introduced, regardless of its nature as hearsay, it still would not negative the possibility that the automobile, if stolen, was taken by some one in the assured's household or in his employment. The evidence is silent as to whether or not the insured had a household or whether or not he had any employees. The testimony is equally deficient in showing that the assured did not part with the automobile voluntarily or that he is not

guilty of wrongful conversion or secretion of the automobile. To be sure, such proof might be made by circumstantial evidence, as announced in Northern Assur. Co., Limited, v. Gross et al., Tex.Civ.App., 1 S.W.2d 369, but in the instant case the circumstances as a whole are insufficient to meet such proof.

■ It is our opinion that the exceptions clauses in the policy in question placed the burden of proof upon the plaintiffs herein to negative such exceptions by showing that their cause of action does not come within such exceptions. We think it is evident from the insurance contract that there was no liability intended if the taking or disposition of the automobile came within the exceptions mentioned. The general liability of the insurer was thus limited and the burden is upon the plaintiffs to prove their loss came not only within the general liability of the insurer but also that the loss did not come within the exceptions stated. In the instant case the plaintiffs have discharged neither burden. We therefore sustain this assignment. Coyle et al. v. Palatine Ins. Co., Limited, Tex.Com.App., 222 S.W. 973; Travelers' Ins. Co. v. Harris, Tex.Com.App., 212 S.W. 933; Georgia Home Ins. Co. v. Trice et al., Tex.Civ. App., 70 S.W.2d 356; American Ins. Co. of City of Newark, N. J. v. Maddox, Tex. Civ.App., 60 S.W.2d 1074; Northern Assur. Co. v. Gross, supra; Firemen's Ins. Co. of Newark, N. J., et al. v. Universal Credit Co., supra; Boston Ins. Co. et al. v. Fitzpatrick, Tex.Civ.App., 75 S.W.2d 897; Travelers Ins. Co. v. Barker, Tex. Civ.App., 96 S.W.2d 559; American Indemnity Co. v. Jagoe, Tex.Civ.App., 73 S.W.2d 574; Security Ins. Co. v. Sellers-Sammons-Signor Motor Co., Tex.Civ.App., 235 S.W. 617; 24 Tex.Jur. 1246, par. 388.

■ The defendant, in another assignment, contends the trial court commented on the weight of the testimony in the presence of the jury, and erred in not granting a mistrial thereafter. The statement of the court upon which the alleged error is predicated came during an argument between the opposing attorneys over the admissibility of testimony from the witness Billings to the effect that such witness had not seen the automobile in question since the day the car was sold to John E. Lee. During this argument the court remarked, in the presence of

the jury: "I think that testimony bears out the idea that the car was stolen." Such remark, although inadvertently made, was clearly in violation of the rule against the trial court commenting on the weight of the testimony, and is reversible error. We are of the further opinion that the court did not remove the vice of the error by his instructions to the jury to disregard his remarks; however, since such error will probably not occur upon the second trial of this case, we deem it unnecessary to give this matter further discussion. American Express Co. et al. v. Chandler, Tex.Com.App., 231 S.W. 1085; City of Houston v. Pillot et al., Tex.Com.App., 105 S.W.2d 870; Lamar v. Panhandle & S. F. Ry. Co. et al., Tex.Com.App., 248 S.W. 34.

■ The defendant also assigns as fundamental error the nonjoinder of John E. Lee and the Motor Investment Company as parties to this suit. When the plaintiffs originally transferred the note and mortgage to the Motor Investment Company, they guaranteed the payment of the indebtedness evidenced by the note. The Motor Investment Company, after the alleged theft of the car, transferred and reassigned the note and mortgage to the plaintiffs, collecting from plaintiffs the amount then due upon the indebtedness. At the time the plaintiffs filed this suit, and at the time judgment was rendered, the amount of the debt of John E. Lee was greater than the amount of the insurance policy. This being true, Lee had no interest in the proceeds of the insurance policy. The defendant in this case did not claim that it had any defense in regard to the policy as against Lee that could not be made available in this suit. If it had had some additional defense against Lee, the defendant could have made Lee a party to the suit. This it did not do, nor did the defendant raise any such issue in the trial court. Furthermore, there was no plea of non est factum relative to the note, mortgage, and debt. No issue was raised in the trial court that the debt did not exist. The note and mortgage were introduced in evidence showing the indorsements and transfers between the various parties. The record shows conclusively that the plaintiffs owned the note and mortgage. The record further reveals that the plaintiffs held the entire equitable interest in the proceeds of the insurance policy. In the case of Cleveland et al. v. Heidenheimer, 92 Tex. 108, 46 S.W. 30, the Supreme Court, speaking through Chief Justice Gaines, had this to say: "Many of the states have a statute which provides, in effect, that every action must be prosecuted in the name of the real party at interest. We have been cited no like provision in the statutes of this state, and we know of none. But it was settled at an early day that since, under our procedure, the remedies at common law and those in equity are blended, a party who holds the entire equitable interest in a contract may sue alone to enforce it. Merlin v. Manning, 2 Tex. 351. Hence the assignee of a chose in action who acquires the equitable interest only may sue upon it in his own name. It was not so at common law. In such a case, under that system, the suit had to be brought in the name of the original party for the use of his assignee. This practice has been frequently recognized as proper in this state, but it has never been held necessary."

Since the plaintiffs were the sole owners of the note and mortgage, and entitled to all the proceeds of the insurance herein, we think no fundamental error is shown in the absence of John E. Lee and the Motor Investment Company as parties to this suit. National Liberty Ins. Co. v. Watts, Tex.Civ.App., 101 S.W.2d 1060; Universal Automobile Ins. Co. v. Morris Finance Corporation et al., Tex.Civ.App., 16 S.W.2d 360.

■ In view of another trial, it is our opinion that all of the testimony of Billings which was based upon supposition or upon what he had heard was inadmissible under the present state of the record.

The judgment of the trial court is reversed and the cause remanded.