**DELTA BRANDS, INC., Appellant,**

v.

**Juan Jose MARTINEZ, Appellee.**

No. 4679.

Court of Civil Appeals of Texas, Eastland.

March 22, 1974.

Rehearing Denied April 12, 1974.

Weil & Craig (Christopher M. Weil and Robert A. Bernstein), Dallas, for appellant.

Feldman, O'Donnell & Neil (Larry Feldman) Dallas, for appellee.

WALTER, Justice.

Delta Brands, Inc., has appealed from a judgment awarding Juan Jose Martinez $5,500 for damages sustained by him while performing his duties as a welder for Delta. At the time of Martinez's injury Delta did not carry workmen's compensation insurance and did not qualify for the exceptions and was subject to the provisions of Article 8306, Section 1, Vernon's Ann.Civ. St.

The jury found that Delta failed to provide Martinez with adequate equipment with which to do his work, that this was negligence and a proximate cause of his injury; that Delta had furnished Martinez with a defective fork lift with which to work, that this was negligence and a proximate cause of his injury; that Delta had failed to provide Martinez with physical help and assistance to do the work required, that this was negligence and a proximate cause of his injury. They found the sole proximate cause issues against Delta. The jury awarded Martinez $5,500 for physical pain and mental suffering in the past and in the future.

Delta contends there is no evidence to support the findings of negligence. We agree.

Martinez was the only witness who testified about the facts which caused his injury. Delta's statement of the fact is substantially correct. They are as follows:

"The injury occurred while plaintiff was attempting to weld together two plates made of two inch metal. It would appear from the record that the larger of the plates measured approximately 6 to 8 feet in width and 8 to 10 feet in length, the smaller apparently was approximately half the size of the larger and weighed about 200 pounds or more. The larger plate was resting on a number of large I-beams. In order to join the two pieces, the smaller had to be raised to the height of the larger, about 12 inches above floor level. For this purpose, plaintiff decided, on his own initiative and without asking or informing any of his supervisors or co-workers, to utilize a fork lift owned and kept on the premises by defendant. He placed the smaller plate on the tines of the fork lift in such a manner that half or less of the width of the plate may have been resting on the tines, with half or more extended out over the edge of the tines. With the fork lift, he moved the smaller plate into a position abutting the larger plate. In order to hold the plate on the tines, plaintiff asked the workman in charge for some clamps and was told to look for some. Plaintiff then found some C-clamps with which he fastened the smaller plate to the tines. He made two or three "tacks" (spot welds) along the seam where the plates joined, to hold them in that position so that he could make the final seam weld. Before he started the final weld, however, he heard a sudden noise, and the smaller plate fell off the tines and onto his toe. Plaintiff testified that the tack welds had broken, the C-clamps had come unfastened, and the tines of the fork lift had moved from a horizontal position to a downward angle."

Martinez testified substantially as follows:

I was born in Mexico City. I worked there for General Motors as a welder for about seventeen years. I then moved to Loredo, Mexico, and worked at the Modern Machine Shop as a welder. After I moved to Dallas, I went to work for Delta Brands as a welder. I was working for them the 18th day of August, 1970, when I had an accident and injured my left forefoot and big toe.

When asked to give a complete explanation of his accident, he replied as follows:

I had to weld two pieces together for a cover of a machine. I moved them to-

gether with a fort lift. The pieces that I was going to add on, I moved it with a fork lift. I asked the man who was in charge, a Mexican man, I asked him for some clamps in order to attach them from both sides, and he told me to look for some because they didn't have any there. And then I found some that— well, I had to make use of those because there weren't any. I clamped them from the corners and I welded the third point, a small point and the fork lift was holding the pieces together. I bent down to see that it was level. The chain of the fork lift jumped out of place and moved down and the clamps broke since they were not for that purpose in the welding spots because they were small. They did not hold and they broke and they fell. The pieces slid—it fell down and fell on my foot.

 In passing on Delta's no evidence points we will consider only the evidence and the inferences tending to support the findings and disregard all evidence to the contrary. Dyess v. Connecticut General Life Insurance Co., 463 S.W.2d 724 (Tex. Sup.1971).

In J. Weingarten, Inc. v. Sandefer, 490 S.W.2d 941 (Tex.Civ.App. Beaumont 1973, writ ref. n. r. e.), the court said:

"Mrs. Sandefer did no more on the occasion in question than she had done theretofore many times without mishap; there is no evidence that the work required of her was dangerous or that her employer should have anticipated any injury from the task assigned. There is not in this case even the 'glimmer of evidence to support the plaintiff's position.' Seideneck v. Cal Bayreuther Associates, 451 S.W.2d 752, 755 (Tex.1970). Thus, the case falls within the rule announced in Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059 (1898), to the effect that when the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, such evidence is in legal effect no evidence, and it will not support a verdict or judgment."

We have carefully reviewed the record and can find no evidence of actionable negligence on the part of Delta. The judgment is reversed and the judgment is rendered that Martinez take nothing.

This opinion will not be published in accordance with Rule 452, Texas Rules of Civil Procedure.

In accordance with the Supreme Court's order dated July 10, 1974, and Rule 452, T.R.C.P., the opinion is now ordered published. July 12, 1974.