Juan Jose **MARTINEZ**, Petitioner,

v.

**DELTA BRANDS, INC.**, Respondent.

No. B–4634.

Supreme Court of Texas.

Nov. 6, 1974.

Rehearing Denied Dec. 4, 1974.

Feldman, O'Donnell & Neil, Larry Feldman, Dallas, for petitioner.

Weil & Craig, Christopher M. Weil and Robert A. Bernstein, Dallas, for respondent.

GREENHILL, Chief Justice.

Juan Jose Martinez was employed as a welder by Delta Brands, Incorporated. Delta Brands did not carry workmen's compensation insurance. In an industrial accident, a big toe of Martinez was smashed and broken into many pieces. In his suit against Delta Brands, Martinez alleged, among other things, that Delta Brands failed to furnish adequate equip-

ment with which to work.[1] The jury agreed with the contention of Martinez. Judgment was entered for Martinez on the jury's verdict. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment that Martinez take nothing because that court was of the view that there was no evidence to support the jury's findings that Delta Brands failed to provide Martinez with adequate equipment, that this was negligence and a proximate cause of the injury. Tex.Civ.App., 512 S. W.2d 76. We disagree. Accordingly, we reverse the judgment of the Court of Civil Appeals. The cause will be remanded to that court for it to pass upon factual points raised in that court which are not within the jurisdiction of this court.

When a party asserts that there is no evidence to support jury findings, we must review the evidence in its most favorable light, considering only the evidence and inferences which support the findings, and rejecting the evidence and inferences contrary to the findings. Butler v. Hanson, 455 S.W.2d 942 (Tex.1970); Langlotz v. Citizens Fidelity Insurance Company, 505 S.W. 2d 249 (Tex.1974). It would be our duty to affirm the judgment of the Court of Civil Appeals if the evidence offered to show negligence were proven to be no more than a scintilla of proof. Thus if the evidence created nothing more than a mere surmise or suspicion of the existence of negligence, such evidence would be, in legal effect, no evidence. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059 (1898). But if negligence may be reasonably inferred from direct evidence, then there is more than a scintilla of evidence. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas Law Review 361, 363 (1960).

A leading case on the duty of the employer to furnish equipment adequate to enable an employee safely to do a job is Currie v. Missouri, Kansas & Texas Ry. Co., 101 Tex. 478, 108 S.W. 1167 (1908). There an employee was injured while operating a railroad turntable. The plaintiff contended that the turntable was either in a state of negligent disrepair or was of a defective design. The railroad contended, as does Delta Brands here, that there was no evidence of its negligence. This court disagreed. In so holding, the court held that there was sufficient evidence of negligence on the part of the employer to raise the issue for the jury to pass upon. The opinion states,

> "The duty of the master is at all times to exercise ordinary care to furnish for the use of the servant safe and suitable machinery and appliances with which the servant is to do his work. Whether or not this duty has been performed must be determined by considering that which has been furnished in connection with the uses to which the servant at the time in question is expected to put it. A piece of machinery wholly suitable and adequate to the purposes for which it is used at one time may be inadequate for other uses at different times; and, when the latter condition exists, the machinery may well be said to be improperly constructed, defective, or dangerous."

This court also held in Missouri, Kansas & Texas Ry. Co. v. Hannig, 91 Tex. 347, 43 S.W. 508 (1897) that,

> "We understand the law to be that, when the servant enters the employment of the master, he has the right to rely upon the assumption that the machinery, tools, and appliances with which he is called upon to work are reasonably safe, and that the business is conducted in a reasonably safe manner." 43 S.W. at 510.

Viewing the evidence as we must, and under the above principles of law, we

---

1. The jury also found that Delta Brands furnished Martinez a defective forklift with which to work, and also failed to provide Martinez with adequate help and assistance; and these acts or omissions also constituted negligence and proximate causes.

regard the following testimony as constituting some evidence, more than a scintilla, to raise the issue of Delta Brand's negligence:

Martinez, who did not speak English, testified through an interpreter that he was directed to weld two pieces of metal together, and that he used a forklift to raise one piece against the other. He asked his supervisor for some clamps to secure the pieces together for added security. None was furnished him. His supervisor told him to go look for some. The largest clamps he could find were smaller than he thought necessary, but he used them anyhow. After he began to weld the pieces together, the chain of the forklift jumped out of place and the tines of the forklift suddenly tilted forward. The clamps "broke from halfway," and the metal fell on his foot.

■ Since the Court of Civil Appeals was of the view that there was no evidence to support the pertinent jury findings of negligence on the part of Delta Brands, it did not reach or pass upon Delta Brand's point that the jury's findings were against the great weight and preponderance of the evidence. This cause will, therefore, be remanded to the Court of Civil Appeals for its ruling thereon. Stanfield v. O'Boyle, 462 S.W.2d 270 (Tex.1971); Calvert and Hatchell, "Some Problems of Supreme Court Review," 6 St. Mary's Law Journal 303 at 327 (1974).

■ Delta Brands also had a point in the Court of Civil Appeals that the amount of damages awarded by the jury was excessive. This point is also within the province of the Court of Civil Appeals, and it should be given the opportunity to pass upon it. General Crude Oil Co. v. Aiken, 162 Tex. 104, 344 S.W.2d 668 (1961); Eugene Smith, Texas Remittitur Practice, 14 Southwestern Law Journal 150

at 155 (1960); and Rule 440, Texas Rules of Civil Procedure.

The judgment of the Court of Civil Appeals is reversed, and the cause is remanded to the Court of Civil Appeals for further proceedings in accordance with this opinion.