### SEARS, ROEBUCK AND CO., Appellant,

v.

### Rudy BLACK and wife, Sherry Black, Appellees.

### No. 11–85–119–CV.

Court of Appeals of Texas, Eastland.

April 17, 1986.

Rehearing Denied May 22, 1986.

Rod E. Wetsel, Charles E. Jones, Jr., Nunn, Griggs, Wetsel & Jones, Sweetwater, for appellant.

C. Michael Ratliff, Moore, Dickson, Roberts & Ratliff, Inc., Sweetwater, for appellees.

Opinion

DICKENSON, Justice.

The issue is whether there is sufficient evidence to support the jury's finding that defendant "was negligent in failing to have properly designed" the washing machine which it sold to plaintiffs and that such negligence was a proximate cause of the fire which burned plaintiffs' mobile home. The jury also answered in another portion of the charge that the washing machine was *not* defectively designed at the time it was manufactured, but there is no point of error urging a conflict in these answers.[1]

---

1. See *State Board of Insurance v. Westland Film Industries,* 705 S.W.2d 695 (Tex.1986), which holds:

   An appellate court is not authorized to reverse a trial court's judgment in the absence of properly assigned error. *Gulf Consolidated International, Inc. v. Murphy,* 658 S.W.2d 565, 566 (Tex.1983).

   See also *American General Fire and Casualty Company v. Weinberg,* 639 S.W.2d 688 at 689 (Tex.1982).

Mr. and Mrs. Black bought a Sears Kenmore washer on November 6, 1979. Their mobile home burned on May 10, 1982. They filed suit against Sears, Roebuck and Company, urging several theories of recovery: strict liability under Restatement (Second) Torts sec. 402A; express and implied warranty; common-law negligence; and the Deceptive Trade Practices-Consumer Protection Act. Following a trial by jury, judgment was rendered in favor of Mr. and Mrs. Black on February 25, 1985, for the sum of $12,000 plus prejudgment interest. Sears, Roebuck and Company appeals. We affirm.

The verdict of the jury can be summarized as shown:

1. Sears was engaged in the business of selling washing machines.
2. The washing machine was *not* defective at the time it left Sears' possession.
3. No answer required.
4. The washing machine was *not* defectively designed at the time it was manufactured for Sears.[2]
5. No answer required.
6. Sears did *not* represent that its washing machine possessed certain characteristics which it did not in fact possess.
7. Sears did *not* represent that its washing machine was of a particular standard, quality or grade when it was not of such standard, quality or grade.
8. The washing machine was *not* unfit for the ordinary purposes for which such machines are used.
9. No answer required.
10. Sears had reason to know the particular purpose for which the washing machine was required.
11. Rudy and Sherry Black relied on the skill or judgment of Sears to furnish a suitable washing machine.
12. The jury refused to find that the washing machine was unfit for the particular purpose for which it was purchased.

12a. No answer required.
13. (a) On the occasion in question Sears was negligent in failing to have properly designed the washing machine, and this negligence was a proximate cause of the occurrence in question. Sears was not negligent in (b) manufacturing or (c) testing the washing machine.
14. $12,000 would fairly and reasonably compensate Rudy and Sherry Black for the loss of actual value to them of their mobile home and its contents.
15. Sherry Black sustained an injury on the occasion in question.
16. The damages for her physical pain and mental anguish, past and future, and her disfigurement, past and future, are "none."
17. The reasonable and necessary attorney's fees for plaintiffs' attorneys are "$2,000" in the trial court and "$0" on appeal.
18. Written notice was given to Sears at least 30 days before suit was filed.
19. The jury refused to find that Sears knowingly engaged in the conduct asked about in Special Issues Nos. 6, 7, 8 and 12. (Negative answers had been given to each of these issues.)
20. The jury refused to find that Sherry Black failed to maintain the necessary safety precautions which a person using ordinary care would have maintained.
21. No answer required.
22. No answer required. (The jury answered anyway, apportioning the fault 55% to Sears and 45% to Sherry Black.)
23. The jury refused to find that Sears was not given a reasonable opportunity to cure the defects in the washing machine.
24. No answer required.

Based upon the jury's answers to Special Issues Nos. 13(a) and 14, judgment was rendered on the verdict for Rudy and Sher-

---

2. In connection with this issue, the jury was instructed that: "A 'defectively designed' product is a product that is unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use."

ry Black for the sum of $12,000 plus prejudgment interest.

Appellant has briefed nine points of error, all of which relate to Special Issue No. 13(a). In the first six points, appellant argues that the trial court erred: (1) in submitting this issue; (2) in overruling the motion to disregard the answer to this issue; (3) in refusing to grant the motion to disregard the answer to this issue; (4) in overruling the first amended motion for judgment non obstante veredicto; (5) in refusing to grant the first amended motion for judgment non obstante veredicto; and (6) in rendering judgment in favor of appellees. Each of these points present "no evidence" challenges to the answer to Special Issue No. 13(a). If sustained, they would result in a reversal of the trial court's judgment and a rendition of judgment for appellant. The last three points contain appellant's arguments that the trial court erred: (7) in overruling the motion for new trial; (8) in refusing to grant the motion for new trial; and (9) in rendering judgment due to the insufficiency of the evidence to support the answer to Special Issue No. 13(a). These are "factually insufficient" or "against the great weight" points [3] which, if sustained, would result in remanding the cause for a new trial.

In reviewing the no evidence points, we are required to consider only the evidence and inferences which support the jury's answer. See, e.g., *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 at 265 (Tex. 1974). In reviewing the factually insufficient or great weight points, we have complied with the test stated by *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 at 661 (Tex.1951), by considering and weighing all of the evidence in the case to see if the answer to Special Issue No. 13(a) is "so against the great weight and preponderance of the evidence as to be manifestly unjust."

■ All nine points of error are overruled. We hold there is evidence, which is both legally and factually sufficient, to support the jury's answer to Special Issue No. 13(a), and we are unable to say that the answer to that issue is so against the great weight and preponderance of the evidence as to be manifestly unjust.

Both sides used expert witnesses to support their position, and the jury was free to believe one expert's testimony and to reject that of the other. As appellant's lawyer said to the jury in his argument:

That means you decide who is telling the truth. You decide which expert you want to believe, and then you go for it.

The unusual aspect of this case is that the jury agreed with appellant's expert on Special Issue No. 4 by finding that the washing machine was not defectively designed and with appellees' expert on Special Issue No. 13(a) by finding that appellant was negligent in failing to have properly designed the washing machine. As noted in footnote 1, we are not authorized to find a fatal conflict in these answers because there is no point of error urging that contention. Compare *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985 (1949), with *Richter v. Plains National Bank of Lubbock*, 487 S.W.2d 704 (Tex. 1972).

■ While appellees' expert was not a specialist in washing machines, he was an electrical engineer with a doctorate degree in electrical engineering who is on the faculty of a major university. The objections to his testimony went to the weight, rather than to the admissibility, of his opinion. See TEX.R.EVID. 702, 703 and 704. This expert's opinion was that a faulty electrical contact in the washing machine's switch led to overheating which caused the fire to occur. He concluded that there was a faulty design because if the switch housing had been metal instead of plastic, the mobile home fire could have been prevented. The jury was free to accept this testimony, and we are not at liberty to disturb the verdict. The jury was not compelled to believe appellant's expert on all of the is-

---

3. See *Pool v. Ford Motor Company*, (Tex.1986), 29 Tex.Sup.Ct.J. 301 (Apr. 2, 1986).

sues because they agreed with him on some of the issues. Appellant's expert testimony was persuasive,[4] but it was not conclusive. The fact that Whirlpool Corporation manufactured the washing machine does not insulate Sears from liability. Sears had Whirlpool put the Sears' brand name on the machine, and Sears sold the machine as a Sears Kenmore washing machine. As noted by the Restatement (Second) Torts sec. 400, one who puts out as its own product a chattel manufactured by another is subject to the same liability as though it were the manufacturer. See, e.g., *Maintenance and Equipment Contractors v. John Deere Company*, 554 S.W.2d 28 at 32 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ dism'd).

Appellees' prayer for a penalty under TEX.R.CIV.P. 435 or 438 is denied. We do not find that the appeal was taken for delay and without sufficient cause.

The judgment of the trial court is affirmed.

RALEIGH BROWN, Justice, dissenting.

I dissent. To be held negligent, Sears had to have reason to anticipate the injury to the Blacks as a foreseeable consequence of the alleged design defect. I hold that there is no such evidence.

The Texas Supreme Court, in *Texas & P. Ry. Co. v. Bigham*, 90 Tex. 223, 38 S.W. 162 (1896), declared:

> [I]t ought not to be deemed negligent to do or to fail to do an act when it was not anticipated, and should not have been anticipated, that it would result in injury to any one. To require this is to demand of human nature a degree of care incompatible with the prosecutions of the ordinary avocations of life.... If a man fires a gun across a road where he may reasonably anticipate that persons will be passing, and hits some one, he is guilty

of negligence, and liable for the injury he has caused; but if he fires in his own woods, where he cannot reasonably anticipate that any one will be, he is not liable to any one whom he shoots, *which shows that what a person may reasonably anticipate is important in considering whether he has been negligent....* (Emphasis added)

In *Houston Lighting & Power Company v. Brooks*, 161 Tex. 32, 336 S.W.2d 603 (1960), the Texas Supreme Court, quoting from *City of Dallas v. Maxwell*, 248 S.W. 667 (Tex.Comm'n.App.1923, opinion adopted), stated:

> In this state it is now a settled doctrine that anticipation of consequences is a necessary element in determining not only whether a particular act or omission is actionably negligent, but also whether the injury complained of is proximately caused by such act or omission.

It was further stated in *Brooks:*

> If the reason to anticipate injury is not established, then no duty arises to act to prevent such unanticipated injury.

> \* \* \* \* \* \*

> There is no evidence that petitioner in this instance had actual knowledge of probable danger to respondent, and there are *no facts* in the record upon which to base constructive notice to petitioner.

See also *Rudes v. Gottschalk*, 159 Tex. 552, 324 S.W.2d 201 (1959); *Quinius v. Estrada*, 448 S.W.2d 552 (Tex.Civ.App.—Austin 1969, writ ref'd n.r.e.); *Shell Oil Company v. Mahler*, 385 S.W.2d 684 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n.r.e.); *Dawkins v. Van Winkle*, 375 S.W.2d 341 (Tex.Civ.App.—Waco), *dis'm w.o.j.*, 377 S.W.2d 830 (1964); *Panhandle & Santa Fe Railway Company v. Walker*, 364 S.W.2d 433 (Tex.Civ.App.—Amarillo 1963, writ ref'd n.r.e.); *Comet Motor Freight Lines, Inc. v.*

---

4. His opinion was that the fire started in the mobile home's wiring, not in the washing machine's switch. In addition to explaining that opinion by physical findings on the burned machine, he testified that this was the *only* claim that a Sears Kenmore washer had ever caught fire. The witness was an electrical engineer, employed by Whirlpool Corporation for many years, and he testified Whirlpool manufactures over 1.5 million washing machines per year for Sears. The fire marshall expressed his opinion that the fire started in the washing machine, not in the mobile home's electrical wiring, disagreeing with Sears' expert and supporting the position of appellees' expert.

*Holmes,* 203 S.W.2d 233 (Tex.Civ.App.—Eastland 1947, writ ref'd n.r.e.).

In 40 TEX.JUR.2d *Negligence* sec. 32 (1976), it is stated that:

Negligence ... depends on a reason to anticipate injury and a failure to perform the duty arising on account of that anticipation. The ability to have foreseen and prevented the harm is determinative of responsibility.

*The foundation of the duty to use due care is knowledge, actual or constructive,* and a question regarding the sufficiency of the measures that appear to have been taken by a defendant is to be resolved by a showing as to his knowledge of the danger or injury.... *[U]ntil he has this knowledge, the duty to exercise the requisite degree of care does not arise.*

An injury is not actionable if it was not foreseen, or could not have been foreseen or reasonably anticipated, as a consequence of the act or omission. In other words, though one's act or omission may have caused injury or damage, he is not to be held responsible or negligent if he could not have foreseen the harmful occurrence or situation. (Emphasis added)

The majority holds that the Blacks' expert witness' testimony to the effect "that a faulty electrical contact in the washing machine's switch lead to the overheating which caused the fire to occur" and his conclusion "that there was a faulty design because if the switch housing had been metal instead of plastic, the mobile home fire could have been prevented" is some evidence that Sears knew or should have known that the design of the washing machine was faulty. I disagree.

The testimony of the Blacks' expert witness is nothing more than mere conclusions regarding the existence of a faulty electrical contact and a faulty design of the switch housing. Such testimony neither states nor infers that Sears knew or should have known of the alleged defects. Knowledge or the anticipation of consequences from an act should not be so arbitrarily imputed. See *Houston Lighting & Power Company v. Brooks,* supra.

The Texas Supreme Court decision in *Gonzales v. Caterpillar Tractor Company,* 571 S.W.2d 867 (Tex.1978) indicates the type of evidence which is generally sufficient to establish knowledge in a negligence design case. In *Gonzales,* the Court held that there was some evidence to support the jury finding that the tractor step was negligently designed. The evidence of knowledge set out in the Court's opinion included: (1) evidence that "no particular instructions regarding the safety of the step were given to the design engineer;" (2) evidence that "no tests as to the safety of the step were made;" (3) evidence that design guidelines were available to the chief engineer of the tractor, but no action was taken in light of the guidelines; and (4) evidence that the supervising engineer of the tractor was aware that the tractor step would accumulate mud and debris which would adhere to the step due to its design.

In addition to the evidence found in *Gonzales,* 63 AM.JUR.2d *Products Liability* sec. 375 (1984) indicates the kind of evidence which is sufficient to establish the anticipation of consequences needed in a negligent design case:

Improper design is evidenced by proof of another accident or accidents involving a similar product made by the defendant, which is of the same or similar design, and by proof of repair orders, involving the injury-causing product.... Evidence of other models of the product, put out by the same manufacturer, is admissible on the issues of design alternatives, and on the existence of a potential hazard. Similarly, evidence of competitive designs by other manufacturers of the same kind of product has been held admissible to be considered by the jury in determining the ultimate issue of design negligence based on the legal standard of ordinary care. ...

In the case at bar, there is no evidence of that which is found in the Texas Supreme Court's decision of *Gonzales* or of that stated in American Jurisprudence. Noth-

ing in the record states or infers the anticipation of consequences which is essential in proving the duty owed by Sears. The only evidence in the record is the conclusions of the Blacks' expert witness and the fact that an accident did occur. It is an established principle of law that negligence is never presumed and the mere happening of an accident is no evidence of the existence of negligence. See, e.g., *Wells v. Texas Pac. Coal & Oil Co.,* 140 Tex. 2, 164 S.W.2d 660 (Tex.Comm'n App.1942, opinion adopted); *Trio Transport, Inc. v. Henderson,* 413 S.W.2d 806 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.); *Patrol Valve Company v. Farrell,* 316 S.W.2d 92 (Tex.Civ.App.—Amarillo 1958, writ ref'd n.r.e.). I would further note, as did the court in *Trio Transport, Inc.,* that the doctrine of res ipsa loquitur is not applicable to the analysis of the present case.

Additionally, it is an established rule that a presumption of a fact cannot rest upon a fact presumed; rather, the fact relied upon to support the presumption must be proved. See *East Texas Theatres, Inc. v. Rutledge,* 453 S.W.2d 466 (Tex.1970); *Schlumberger Well Surveying Corporation v. Nortex Oil and Gas Corporation,* 435 S.W.2d 854 (Tex.1968); *Texas Sling Company v. Emanuel,* 431 S.W.2d 538 (Tex.1968); *New York Underwriters Insurance Company v. Trustees of First Baptist Church of Ranger,* 603 S.W.2d 378 (Tex.Civ.App.—Eastland 1980, writ ref'd n.r.e.).

The only circumstance in the case at bar to show that Sears had reason to anticipate the consequences of its actions in designing an allegedly defective washing machine is the fact that the washing machine allegedly failed. To reach the result that Sears should have anticipated the consequences of its actions requires two presumptions. First, it must be presumed that evidence indicating only a failure of the electrical switch imputes knowledge to Sears that the switch was defective. It must also be presumed that mere evidence of the failure of the switch housing to contain the fire imputes knowledge to Sears that the switch housing was defective. "An ultimate fact is too conjectural and speculative to sup-

port a judgment when that fact is ascertained by pyramiding one inference upon another." *New York Underwriters Insurance Company v. Trustees of First Baptist Church of Ranger,* supra; see also *Wells v. Texas Pac. Coal & Oil Co.,* supra.

For the reasons stated, I would reverse the trial court's judgment and render judgment that the Blacks take nothing. I do agree that the Blacks are not entitled to a penalty under TEX.R.CIV.P. 435 or 438.