**Donald L. WEHMEYER, M.D., Appellant,**

v.

**Dewey O'DELL, Appellee.**

No. 11–92–215–CV.

Court of Appeals of Texas, Eastland.

July 1, 1993.

Rehearing Denied Aug. 5, 1993.

David R. Cobb, Mark S. Zachary, McMahon, Surovik, Suttle, Buhrmann, Cobb & Hicks, Abilene, for appellant.

Susan K. Laughead, San Antonio, James E. Brown, Baker, Brown & Dixon, Dallas, for appellee.

Jeffrey R. Boggess, Law Offices of Robert J. Mabel, Irving, for intervenor.

OPINION

DICKENSON, Justice.

This is a medical malpractice case. The patient, Dewey O'Dell, sought damages from his doctor, Donald L. Wehmeyer, M.D. The jury found that the patient's injury was proximately caused by negligence of both parties, that the negligence causing the injury was attributable at 50

percent to each party, and that the total damages were $270,000.00. The trial court rendered judgment on the verdict that the patient recover $135,000.00, plus interest and court costs. Dr. Wehmeyer appeals. We reverse and render.

### Background Facts

O'Dell accidentally cut a tendon between his thumb and left hand on September 26, 1985, while he was working for Morrell Cattle Company. He was taken to the emergency room at the hospital in Breckenridge, and the doctor at that hospital sent him to Dr. Wehmeyer in Abilene. Dr. Wehmeyer is a plastic surgeon, and much of his practice is related to surgery on the hands and arms. Dr. Wehmeyer operated on October 2, repairing the severed tendon and placing a cast or splint on O'Dell's arm. Dr. Wehmeyer's father died, and Dr. Wehmeyer was out of his office for several days to attend the funeral in another state. Dr. Wehmeyer testified that he had arranged for Dr. Roland Wolf, another board certified plastic surgeon in Abilene, to attend to his patients until he got back to town. Dr. Wehmeyer also testified that the two women who worked in his office had instructions to refer any patients with emergency problems to Dr. Wolf.

O'Dell testified that he experienced excruciating pain and swelling in his arm and that he attempted to contact Dr. Wehmeyer on October 3. O'Dell's wife testified that the woman who answered Dr. Wehmeyer's office telephone told them that he was out of town and to wait until his return. By the time the doctor returned, O'Dell and his wife testified that there was permanent damage to O'Dell's arm. During his opening statement to the jury, O'Dell's lawyer said:

Let me make one thing perfectly clear right now. The plaintiffs are making *no claim that Doctor Wehmeyer's surgical skills are in any part responsible for what occurred to Mr. O'Dell's thumb.* Let me make that perfectly clear. We are not criticizing Doctor Wehmeyer's skills as a surgeon, but what happened from that point forward, ladies and gentlemen, is *a tragic breakdown of communications between the doctor or the doctor's office and patient.* (Emphasis added)

Illinois Employers Insurance of Wausau was the insurance carrier for Morrell Cattle Company, and it provided medical care and other worker's compensation benefits to O'Dell. The insurance company filed a petition in intervention to recover its subrogation rights, alleging that as of May 24, 1990, it had paid O'Dell $59,701.41 in weekly benefits and had paid $29,588.97 for his medical care and treatment, a total of $89,290.38. In his pleading at the time of trial, O'Dell alleged that his damages were in excess of $800,000.00.

Dr. Wehmeyer alleged in his trial pleading that the problems which the cast caused were due to O'Dell's failure to tell Dr. Wehmeyer's office personnel of problems indicating a need to see a physician, failure to go to a hospital emergency room or to another doctor, and failure to follow instructions which he had been given.

### The Jury's Verdict

The jury answered three "broad form" questions. Those questions and the jury's answers are quoted in full as shown (omitting some explanatory instructions):

1. Did the negligence, if any, of those named below proximately cause the occurrence or injury in question?

| | | |
|---|---|---|
| A. Dr. Wehmeyer | Yes | |
| B. Dewey O'Dell | Yes | |

2. What percentage of the negligence that caused the occurrence or injury do you find to be attributable to each of those found by you, in your answer to Question Number 1, to have been negligent?

| | | |
|---|---|---|
| A. Dr. Wehmeyer | 50% | |
| B. Dewey O'Dell | 50% | |

3. What sum of money, if paid now in cash, would fairly and reasonably compensate Dewey O'Dell for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

    A. Physical Pain and Mental Anguish.

    B. Loss of Earning Capacity.

    C. Physical Impairment.

    D. Medical Care.

Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Dewey O'Dell.

Do not include any amount for any condition not resulting from the occurrence in question.

Answer in dollars and cents for damages, if any, that were sustained in the past and that, in reasonable probability, will be sustained in the future.

    ANSWER: <u>Two hundred seventy thousand dollars</u>

<u>    $270,000    </u>

### Points of Error

Appellant has briefed 20 points of error. The first two points of error are dispositive, and they read in full as shown:

    [1] The trial court erred in overruling Appellant's objection to Question No. 1 of the Court's charge because there was no evidence of negligence on the part of this Appellant.

    [2] The trial court erred in overruling Appellant's objection to Question No. 1 of the Court's charge because there was no evidence of any negligence on the part of this Appellant proximately causing the occurrence or injury in question.

### Standards of Review

    In reviewing these no evidence points of error, we have considered only the evidence that supports the jury finding, and we have disregarded all evidence to the contrary. *Martinez v. Delta Brands, Inc.,* 515 S.W.2d 263 at 265 (Tex.1974); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 at 661 (1951). We are conscious of the fact that the jury has the responsibility for deciding all factual disputes, and we are well aware that the jury is the sole judge of the credibility of the witnesses and of the weight to be given their testimony. *Benoit v. Wilson,* 150 Tex. 273, 239 S.W.2d 792 at 796 (1951).

### Reasons for Decision

    There are no allegations of vicarious liability in plaintiff's trial pleadings. The petition charges Dr. Wehmeyer individually with several acts of negligence; however, the theory at the time of trial was that there was "a tragic breakdown of communications" between the doctor's office and his patient. Appellant's attorney promptly objected to this lack of pleadings whenever appellee attempted to prove vicarious liability for what was said over the telephone in calls to the doctor's office during his absence for his father's funeral. There is no evidence in the record that Dr. Wehmeyer was negligent as charged in the pleadings, and there are no pleadings upon which to impose vicarious liability for actions of his employees in his absence. The first two points of error are sustained. The other 18 points of error become moot, and they need not be discussed.

The judgment of the trial court is reversed, and judgment is rendered that Dewey O'Dell and Illinois Employers Insurance of Wausau take nothing from Donald L. Wehmeyer, M.D.